## PEOPLE v. ROCHA.

1. CRIMINAL LAW—APPOINTMENT OF COUNSEL—INDIGENCY.
   Trial judge's denial of assigned counsel to criminal defendant is proper only if record discloses that defendant was financially able to provide counsel and the importance of circumstances in each case makes it impracticable for Court of Appeals to establish guide lines for such a decision (GCR 1963, 785.3[1]).

2. SAME—APPOINTMENT OF COUNSEL—INDIGENCY.
   Refusal of trial judge, when asked, to appoint counsel for defendant charged with felonious assault *held*, improper where record failed to demonstrate defendant's financial ability to retain counsel (CL 1948, § 750.82).

Appeal from Lenawee, Martin (Rex B.), J. Submitted Division 2 October 8, 1968, at Lansing (Docket No. 4,549.) Decided October 21, 1968.

Librado Rocha was convicted of felonious assault. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Hammond, Baker & Kralick,* for defendant on appeal.

PER CURIAM. Defendant was tried by a jury on a charge of assault with a dangerous weapon, CL

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 318 *et seq.*

1948, § 750.82 (Stat Ann 1962 Rev § 28.277), and
he was convicted. Defendant represented himself
at trial because the trial judge denied a request for
appointed counsel. On appeal, defendant questions
the propriety of this denial. It is only proper if
the record discloses that defendant was financially
able to provide counsel. GCR 1963, 785.3(1).

We are unable to say on this record that defendant
was financially able to hire his own attorney. In
spite of the commendable efforts of the trial judge
and the prosecuting attorney to assure defendant a
fair trial, the record before us demonstrates this
did not occur.

The problem presented by this appeal has been,
is and will be one of the most recurrent and trou-
blesome that the trial bench must face. Any attempt
by this Court to furnish guide lines in this area
would create more problems than it would solve.
Each case is a separate problem, and adequate re-
view is only possible on an adequate record. Trial
of a criminal defendant without counsel always en-
tails risk.

Reversed and remanded for new trial.

QUINN, P. J., and HOLBROOK and VANDER WAL, JJ.,
concurred.