MANN, Judge.
On January 9th the appellant came before the court and the following colloquy ensued:
“MR. ANDREWS: Are you Charles E. Bowen?
MR. BOWEN: Yes, sir.
“MR. ANDREWS: You are over the age of twenty-one?
MR. BOWEN: Yes, sir.
“THE COURT: Do you have an attorney? Are you going to get an attorney?
MR. BOWEN: I had a Public Defender at J.P. Court.
*17 “THE COURT: His services terminated when you got out of J.P. Court. Are you going to get a lawyer?
MR. BOWEN: I don’t have any money.
“THE COURT: Are you working?
MR. BOWEN: Yes, sir.
“THE COURT: Where do you work?
MR. BOWEN: I work for Ross Yard Service.
“THE COURT: What do you do?
MR. BOWEN: I do general yard work.
“THE COURT: How much do you make?
MR. BOWEN: A dollar ninety an hour.
“THE COURT: That is about eighty or ninety dollars a week.
MR. BOWEN: No, sir. My take-home pay is sixty-three dollars. I am by myself. I don’t claim any deductions.
“THE COURT: There is no reason with that kind of income why the taxpayers should give you a lawyer, is there ?
MR. BOWEN: Well, no, sir, if I can make arrangements with a lawyer.
“THE COURT: I am going to give you a week, Mr. Bowen. Come back at the same time next week, next Thursday. That will be on the 16th, at 1:30. Come with a lawyer. Make arrangements with one in the meantime to represent you.
MR. BOWEN: Yes, sir.
“THE COURT: All right, pass it for one week to obtain counsel.
On January 16th he was back:
“MR. PIPER: Charles E. Bowen. Charles E. Bowen, sir?
DEFENDANT: That’s right.
“THE COURT: You haven’t got a lawyer yet?
DEFENDANT: No, sir. I tried them out. I couldn’t get nobody.
“THE COURT: Who did you try?
DEFENDANT: I tried Mr. Jones and Mr.—
“THE COURT: What was the trouble?
DEFENDANT: I don’t have the kind of money they’re asking for.
“THE COURT: How much money do you have?
DEFENDANT: I don’t have any.
“THE COURT: Well, you told me last week you were working. You are able-bodied.
DEFENDANT: Yes, sir, I’m working.
“THE COURT: Working at this marina, whatever it is, don’t you?
DEFENDANT: That’s right. I use my money to buy food and pay my rent. I have a few pay stubs if you would like to look at them, sir.
“THE COURT: You have already told me what it is. Mr. Bowen, you are an able-bodied man, you are gainfully employed. If you prefer to spend your money on other matters, the Court will deem that as a waiver of counsel.
Arraign the defendant, please. You will represent yourself unless you want to get a lawyer.
“MR. PIPER: Case No. 18,432, State of Florida versus Charles E. Bowen, information for breaking and entering a dwelling house with intent to commit a misdemeanor. Clair A. Davis, State Attorney for the Sixth Judicial Circuit of Florida in and for Pinellas County, prosecuting for the State of Florida in said county, under oath information makes that Charles E. Bowen, of the County of Pinellas and State of Florida, on the twenty-eighth day of November in the year of our Lord one thousand, nine hundred and sixty-eight, in the county and state *18 aforesaid, did then and there break and enter a dwelling house of Howard Williams and Pearl Williams, said dwelling house consisting of Apartment No. 6 of the Fan-Will Apartments, located at 657 Mandalay Avenue in the City of Clearwater, in the county and state aforesaid, the property of Howard Williams and Pearl Williams, his wife, with intent then and there to commit a misdemeanor, to wit, petit larceny.
To this charge how do you plead?
DEFENDANT: Not guilty.
“THE COURT: All right. We’re going to set this case over far enough in the meantime you may want to get a lawyer. If you don’t, be here on the seventeenth day of February, 1969, prepared to go to trial, to defend yourself.
All right, that’s all.”
That is all this transcript shows. Bowen went to trial without counsel and was convicted.
The record in this case will not support the finding of a waiver of counsel. If accused can be represented by private counsel willing to accept employment on such terms as the defendant can comply with without delaying unduly the speedy trial to which he is entitled, both he and the public will be better served. Thus the judgment must be reversed and the proceedings resumed with further inquiry into Bowen’s capacity to engage private counsel. Unless it appears that he can obtain counsel with his own resources, the state is obligated to furnish counsel and collect later if it can for the cost of doing so. Florida Statutes § 27.56 (1967), F. S.A.
We need not here decide whether other courts have correctly decided those cases in which convictions have been reversed for new trials where trial judges withheld appointment of counsel for far better reason than is reflected on this record. See State v. Harris, 5 Conn.Cir. 313, 250 A.2d 719 (1968); Sapio v. State, Fla.App.1969, 223 So.2d 759; People v. Chism, 17 Mich.App. 196, 169 N.W.2d 192 (1969); State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966); and State v. Cowart, 251 S.C. 360, 162 S.E. 2d 535. See also Wood v. United States, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20 (1967); Nielsen v. Turner, 287 F.Supp. 116 at 122 (D.C.Utah 1968); and Keur v. State, Fla.App. 1964, 160 So.2d 546.
Reversed and remanded for a new trial following further proceedings consistent with this opinion.
HOBSON, C. J., and PIERCE, J., concur.