PEOPLE v GILLESPIE

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY.

    The Federal constitutional right of an indigent to court-appointed counsel to assist him in his defense is so well-recognized and so essential that no one will be forced to stand trial *in propria persona* on a felony charge if he desires the assistance of counsel, regardless of the complexities in determining whether he is indigent or not.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY.

    Denial of a defendant's request for appointed counsel when he has asserted indigency is proper only if the record discloses that the defendant is financially able to retain his own attorney.

3. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY—EVIDENCE.

    The inference of defendant's financial ability to retain his own counsel which arose from the fact that bail bonds were posted for him, was rebutted by testimony of the defendant's father explaining that it was the father, not the defendant, who was paying the bondsman and then only on the installment plan.

4. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY—EVIDENCE.

    The fact that bail bonds were posted for a defendant is not sufficient proof that defendant was financially able to employ counsel.

5. CRIMINAL LAW—ASSISTANCE OF COUNSEL—INDIGENCY—EVIDENCE.

    A defendant's right to court-appointed counsel is not mitigated by the fact that he was rendered indigent by the purchase of a bail bond because to hold otherwise would force a criminal defendant in straitened financial circumstances to choose between his freedom and having the assistance of counsel at trial.

Appeal from Muskegon, Charles A. Larnard, J.

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 21 Am Jur 2d, Criminal Law § 318 *et seq.*

Constitutionally protected right of indigent accused to appointment of counsel in state court prosecution, 93 ALR2d 747.

Submitted Division 3 June 13, 1972, at Grand Rapids. (Docket No. 10467.) Decided September 26, 1972.

Thomas Gillespie was convicted of grand larceny. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Richard J. Farabaugh,* Assistant Prosecuting Attorney, for the people.

*Marcus, McCroskey, Libner, Reamon & Williams* (by *Darryl R. Cochrane),* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. On May 5, 1970, defendant was convicted by a jury for the felony of grand larceny, MCLA 750.356; MSA 28.588. Defendant appeals as of right.

The sole question for determination on appeal is whether or not the defendant was indigent and entitled to appointed counsel notwithstanding the fact he had posted bail bond.

On February 10, 1970, an information charging the defendant with grand larceny was filed. Two days later defendant posted bail bond[1] and petitioned the trial court for appointed counsel.

A hearing was held on the question of defendant's indigency the day before trial. Defendant's father testified that it was he, and not the defendant, who was paying the bondsman and that the only reason he was able to post the bond was

---

[1] Bond was originally set at $1000, but was subsequently raised to $2500.

because the bondsman was allowing him to pay on an installment-type plan. Furthermore, both the defendant and his father stated that they could not retain an attorney because all of the ones contacted required lump-sum payments in excess of what they could afford. The trial court ruled that since the defendant was able to post bond, he was not indigent and not entitled to appointed counsel. As a result, defendant represented himself at trial. This was error.

The Federal constitutional right of an indigent to court-appointed counsel to assist him in his defense is so well-recognized that no authority need be cited. So essential is the right to the assistance of counsel, that no one in this state will be forced to stand trial *in propria persona* on a felony charge if that person desires the assistance of counsel, regardless of the complexities in determining whether the person is indigent or not. We simply do not answer the question of whether a man is indigent in a close case by forcing him to go to trial on his own. *People v Chism,* 17 Mich App 196, 199 (1969).[2]

The standard for review when a criminal defendant asserts indigency and requests appointed counsel was set forth by this Court in *People v Rocha,* 13 Mich App 596, 597 (1968), as follows:

"Defendant represented himself at trial because the trial judge denied a request for appointed counsel. On appeal, defendant questions the propriety of this denial. *It is only proper if the record discloses that defendant was financially able to provide counsel.* GCR 1963, 785.3(1)." (Emphasis supplied.)

The only evidence in the present case that de-

---

[2] Although the court spoke in terms of felony-murder, the thrust of the holding is equally applicable to any other felony.

fendant was able to retain counsel was the fact that bail bonds were posted for him. The inference of financial ability which might arise from this fact was rebutted by the testimony of the defendant's father, which explained the financial conditions under which the bonds were procured.

Even assuming *arguendo* that such testimony did not rebut the evidence of financial ability inferred from the posting of the bonds, we conclude that the fact defendant did post the bonds is not sufficient proof that defendant was financially able to employ counsel. This Court in *People v Chism, supra,* clearly indicated that even a deliberate transfer of funds which renders a defendant indigent will not terminate the right to appointed counsel.

Therefore, the mere fact that defendant was rendered indigent by the purchase of a bail bond would in no way mitigate his right to court-appointed counsel. To rule otherwise would force criminal defendants in strained financial circumstances to choose between their freedom and having the assistance of counsel at trial.

In view of the foregoing, we hold that the trial court's denial of defendant's motion for court-appointed counsel was erroneous and a manifest abuse of judicial discretion.

Reversed and remanded for a new trial.

All concurred.