**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jimmie (James) Lee BROWN, Defendant-Appellant.**

No. 28754.

Missouri Court of Appeals, Kansas City District.

Oct. 11, 1977.

Glen A. Dietrich, Larry L. Zahnd, Zahnd & Dietrich, Maryville, for defendant-appellant.

Robert S. Drake, Jr., Sp. Pros. Atty., Warsaw, for plaintiff-respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

James Lee Brown was convicted of the misdemeanor of operating a motor vehicle while intoxicated, second offense, in violation of § 564.440, RSMo 1969. Brown stated he could not afford to pay his own counsel and requested the court to appoint an attorney to represent him, but the court refused. A jury found Brown guilty and the court assessed punishment as confinement in the county jail for six months.

On this appeal Brown contends he was deprived of his constitutional right to the assistance of counsel when he did not waive such right. Reversed and remanded.

When Brown first appeared in circuit court, the following occurred:

THE COURT: Do you have an attorney?

THE DEFENDANT: No, sir.

THE COURT: Are you going to employ an attorney?

THE DEFENDANT: I can't afford one.

THE COURT: What are you doing?

THE DEFENDANT: I am workin' for the township.

THE COURT: How much are you getting paid?

THE DEFENDANT: $3.50 an hour.

THE COURT: You can afford one.

THE COURT: I am not going to ask the taxpayers to support you Mr. Brown. You are making $3.50 an hour and this is part of your expense.

THE DEFENDANT: Well, there's eight in my family and it takes quite a bit to make a living.

THE COURT: Well, did it take anything to get what you were drinking, or were you drinking?

THE DEFENDANT: Yeah, it did.

Brown's case was set for trial about three months later and on that date he again appeared in court. The following occurred at that time:

THE COURT: Mr. Brown, I think I have advised you before, if I haven't, I want to at this time. If you are convicted, and I don't know whether you are guilty or not, but if you are convicted, it's mandatory jail sentence, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You are able to employ an attorney and you elected not to do so, is that true?

THE DEFENDANT: No, I am not able to.

THE COURT: You are not able to, what are you doing?

THE DEFENDANT: Working for Hughes Township.

THE COURT: How much a month are you making, or a week?

THE DEFENDANT: Well, I get $3.50 an hour, on the average of $100.00, $115.00 a week.

THE COURT: How long have you been working there?

THE DEFENDANT: Oh, since September.

THE COURT: I don't understand why you say you can't employ an attorney, then.

THE DEFENDANT: Well, it cost about $75.00 a week for groceries, $75.00 a month for rent, $50.00 a month for light bill, gas expense, school expense, clothing expense, now, where do you get $500.00 to hire a lawyer at?

THE COURT: I do not know that, but you had since September, since June of last year, you paid a professional bondsman, didn't you, to get out?

THE DEFENDANT: Well, I had to borrow the money to do that.

THE COURT: You did it though, didn't you?

THE DEFENDANT: Yes.

THE COURT: How much did you pay the professional bondsman?

THE DEFENDANT: I guess $100.00.

THE COURT: I am not going to appoint an attorney for you because I think if you are able to pay a professional bondsman and you're making $3.50 an hour and working regularly, that you're able to employ one. Do you understand the charge against you?

Brown's trial began the following morning. Out of the presence of the jury, the State presented evidence to show Brown had one prior conviction for operating a motor vehicle in an intoxicated condition. Under § 564.440 a mandatory jail sentence from 15 days to one year in the county jail would follow if Brown were convicted on the charge then pending.

Under the holding in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) there can be no doubt Brown was entitled to counsel unless the record shows a knowing and intelligent waiver of this right. *Argersinger* dictates that all persons are entitled to counsel when they face the prospect of confinement. The right of one who cannot afford to hire an attorney to have one appointed was recognized in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The question which confronted the court here was whether or not Brown was financially able to pay an attorney. The guide to determine indigency at the time of Brown's appearance in December, 1975, and March, 1976, with respect to felonies, was found in

§ 600.050, RSMo 1975 Supp. That Section required the court to "make a finding as to indigency through suitable inquiry into the financial circumstances of the person and his immediate family with regard to their assets, income, debts and family obligations, and such other matters as may be relevant, including the nature of the charge and the probable cost of adequate legal representation."

■ This Section was a guide the court could have used in this case because the distinction between felonies and misdemeanors had been eliminated by *Argersinger.* Since the mandatory jail sentence for Brown would follow a conviction, as noted by the court, the necessity of counsel was plain. In this situation the court was obligated to either secure a knowing and intelligent waiver of counsel, appoint counsel, or make a finding Brown could afford to pay counsel. To validly follow the latter course, which the court chose, it was necessary to hold a meaningful hearing to develop the facts as outlined in § 600.050, RSMo 1975 Supp.

From the colloquy between Brown and the court, set out above, the court was informed Brown had a family consisting of eight persons, and had an income of $100 to $115 per week, which would be about $400 to $460 per month. Brown further stated his living expenses totaled about $425 per month for the bare necessities which he mentioned. It is apparent there are other expenses which Brown would have to bear which were not enumerated by him. The reason given by the court for refusing to find Brown to be entitled to appointment of an attorney was that Brown had paid a professional bondsman and was regularly employed at $3.50 per hour. The court also was apparently impressed that Brown had found sufficient funds to at least allegedly purchase some liquor.

The amount Brown stated he spent for the bare necessities of life for himself and his family only showed a surplus of $35 per month for his highest earnings, and at his lowest earnings, a $25 deficit. Brown stated the cost of an attorney would be $500.

■ The fact Brown paid a professional bondsman does not dictate a finding he was financially able to hire his own attorney. *People v. Gillespie,* 42 Mich.App. 679, 202 N.W.2d 552, 553[5, 6] (1972). Such fact is to be considered with all other facts. Here an expenditure of $100 for a bond would not indicate an ability to pay an attorney.

■ Although the court did not conduct an examination to bring out the facts concerning Brown's financial ability to pay an attorney, it is clear Brown stated sufficient facts to demonstrate he could not afford to pay his own attorney. The court abused its discretion when it refused to appoint an attorney to represent Brown.

■ The test of whether or not a person is financially able to pay his own attorney is to ascertain if the evidence shows he can do so without substantial hardship to himself or to his family. *State v. Mickle,* 56 Haw. 23, 525 P.2d 1108, 1111[3] (1974). The evidence, of course, must encompass those factors enumerated in § 600.086, RSMo 1976 Supp. for cases arising after the effective date of that Section. However, the same standards apply to this case by reason of the requirement for appointment of counsel and the elimination of the distinction between misdemeanor and felony cases by the decision in *Argersinger.*

Brown did not waive the right to have counsel and the court erred in finding he could afford to pay his own. The judgment is reversed and the cause remanded for a new trial.

All concur.