Jimmy Dale JORDAN *v.* STATE of Arkansas

CR 81-27                                    616 S.W. 2d 480

Supreme Court of Arkansas
Opinion delivered June 1, 1981

*Gordon L. Cummings*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of burglary with a firearm for which a twenty year sentence was

imposed. A few days after filing a notice of appeal, he filed a motion to proceed *in forma pauperis*, pursuant to Rule 18, Circuit and Chancery Court Uniform Rules, Ark. Stat. Ann. Vol. 3A. After a hearing, the trial court ruled appellant had not established indigency and denied his motion for a $1,000 free transcript. The court did authorize a free transcript ($88.00) of the indigency hearing. We have accepted a transfer of this case from the Court of Appeals as sufficiently involving a legal principle of major importance on which there is little recent case law. Rule 29 (4) (b), Rules of the Supreme Court and Court of Appeals. The only issue on the appeal is whether the trial court erred in finding appellant had not established indigency.

Appellant filed a verified affidavit with his motion, stating he was not employed, he was making $600 per month at the time of his last employment on December 1, 1980, a few days before his trial; he had received no income from any other enumerated sources the past year; he had no money in checking or savings accounts; he owned no real estate, stocks, bonds, notes, automobiles or other valuable property, and his wife was dependent on him for support. At the hearing two weeks later, he testified that he was drawing unemployment benefits of $99 per week, his wife was employed, making $125-$130 per week, and his family and friends were not able to provide money for the costs of appeal. On cross-examination he admitted that he had testified at trial the previous month that he had $5,000 with which to pay a fine. However, he did not have it at that time. He did not lie to the jury since the $5,000 he had then was his family's and was used for attorney's fees and posting trial and appellate bonds. He had worked a couple of days for his brother before the trial. When he told the jury he was employed, he was drawing unemployment and had worked 3 or 4 days for his brother, making $24 one day. He could not work full time because he would lose his unemployment benefits. He was unemployed because his "concrete work is seasonal" and his employer had laid him off because of bad weather. He owned a 1968 Dodge for which he and his wife were paying his father-in-law $10 per week, which payments were delinquent. Other than some household furnishings.

and clothing, he owned a television worth $75 and his rent was $150 per month.

When questioned by the court, appellant stated his regular employer had offered him employment in Harrison, a distance of 80-90 miles; however, he would have to drive back and forth on weekends and he did not want to leave his wife. If he made a round trip each day, gas expenses would be more than the unemployment benefits he was drawing. He had made application for employment at a nearby town. Present counsel, who was retained and paid as trial counsel, verified that he was representing appellant on appeal without charge.

A right to a transcript at public expense exists when it is established that a defendant cannot afford the costs of the transcript. *Hutcherson* v. *State*, 262 Ark. 535, 558 S.W. 2d 156 (1977); *Roberts* v. *LaValee*, 389 U.S. 40 (1967); and *Griffin* v. *Illinois*, 351 U.S. 12 (1956). Here, appellant claims no dependents other than his wife, and she is working. He was drawing $99 per week unemployment benefits at the time of the hearing. He stated in his affidavit that he was making $600 per month before being "laid off" a few days before his trial due to the weather; however, his testimony at the indigency hearing indicated his pay was $250 per week. This previous employer had since offered him work which he refused because he would have to be away from his wife during the week.

The same trial judge had heard and observed appellant as a witness at trial and at the indigency hearing. It was for him to resolve the credibility of the witness as well as any contradictions in his testimony. The test on appellate review is whether there was an abuse of discretion by the trial judge in finding that appellant has not met his burden of establishing his asserted indigency. See *Toomer* v. *State*, 263 Ark. 595, 566 S.W. 2d 393 (1978). Here in the circumstances, we find no abuse of discretion.

Affirmed.

PURTLE, J., dissents.

John I. Purtle, Justice, dissenting. I disagree with the majority because I believe the appellant should be allowed to proceed *in forma pauperis*. Obviously, there is no way he could raise the $1,000 which the court reporter will charge for the transcrit. He would naturally have to have additional money for attorney's fees. All of this must be paid before he can perfect his appeal. Therefore, we are denying him the right to appeal his conviction.

What he may have earned prior to his conviction, or what he might earn in the future, is all beside the point. What he has at this time is the sum of $99 per week unemployment benefits. No man can pay his own living expenses from this amount of income. Therefore, I would grant the petition to proceed *in forma pauperis*.