Before NUGENT, C.J., and ULRICH and BRECKENRIDGE, JJ.

### ORDER

PER CURIAM:

Appeal from order denying appellant's motion to set aside default judgment in forfeiture action.

Judgment affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Booker T. HILL, Appellant.**

**No. WD 43413.**

Missouri Court of Appeals,
Western District.

March 12, 1991.

Katherine Ladesh, Public Defender, Liberty, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and GAITAN, JJ.

BERREY, Presiding Judge.

Appellant appeals his conviction of attempted second degree burglary. A jury found him guilty of attempting to break into Laurie's liquor store and he was sentenced to four years imprisonment.

Since the sufficiency of the evidence is not at issue the following brief recitation will suffice. In the early morning hours of May 28, 1989, appellant and accomplice, Freddie Jackson, attempted to break into Laurie's liquor store in North Kansas City, Clay County, Missouri, and in the process set off an intrusion alarm. The police responded and were on the scene in less than two minutes after being dispatched. Officers Beamer and Sinele were dispatched and Officer Stark responded to Beamer's later call for assistance. The responding officers used their spotlights to check the area and physically checked the doors. They found the building and area secure. Officer Sinele returned to patrol and Sergeant Beamer sat in his car at the scene completing his report. Beamer then left the scene, but half a block away made a u-turn and returned to double check the building. As he was driving east along the south side of the building he saw a walk-in door to Laurie's open and saw two black males running around the corner of the building. He pursued them in his car and radioed for assistance. Subsequently the two were apprehended. Beamer apprehended Jackson. Jackson was given his Miranda rights. In response to questions by Beamer, Jackson responded, "[y]ou caught us, what is there to talk about?" Sitting next to Jackson was the appellant Hill.

The appellant represented himself at trial. The public defender found the appellant not indigent because he had paid $600 to a professional bondsman. However, the appellant's uncontradicted evidence is that his family put up the $600. The public defender testified that defendant had no dependents but defendant testified he had three step-children living with him and two natural children in Seattle, Washington.

Defendant stated he paid $150 per month child support when able. Defendant is employed by an agency doing odd jobs. Judge McFarland stated, "[N]ow, at this time the court will not overturn the decision of the public defender office.... It'll be your own obligation to get your own attorney in this case."

The appellant was then arraigned and the case set for trial October 25, 1989. On that day defendant did not have an attorney and the court continued the cause over to January 8, 1990, for appellant to secure counsel. On January 8, the court continued the case per appellant's request for additional time to obtain counsel until March 26, 1990. On March 26, 1990, the matter came on for hearing and the appellant still had not secured counsel. The trial court was adamant that the case proceed to trial and found the defendant able bodied. He noted that the appellant's refusal to retain counsel was "without good cause."

Appellant on appeal raises two points. The second point raises the trial court's failure and refusal to appoint defendant counsel. This point is dispositive of the case. The trial court erred in its continuing refusal to appoint counsel to represent the appellant.

The appellant cites *State v. Brown*, 557 S.W.2d 687 (Mo.App.1977), for its authority to reverse the trial court. Certainly *Brown* and the instant case are quite similar. In *Brown* the defendant informed the trial court that his bond had been posted by his family. He had children at home and was regularly employed at $3.50 per hour. *Id.* at 689.

The *Brown* court cited *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), wherein the court recognized the right of an indigent accused to have an attorney appointed. Also noted in *Brown* was *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), which held that an accused was entitled to counsel unless he made a knowing and intelligent waiver of that right. Appellant in the instant case made no such waiver; he repeatedly requested that the

trial court relent and appoint an attorney to represent him.

Judge Turnage noted in *Brown* that because, "Brown paid a professional bondsman does not dictate a finding he was financially able to hire his own attorney. *People v. Gillespie,* 42 Mich.App. 679, 202 N.W.2d 552, 553[5, 6] (1972). Such fact is to be considered with all other facts." *State v. Brown, supra,* 557 S.W.2d at 690.

Considering the totality of the circumstances in this case it is clear that the trial court abused its discretion in refusing to appoint counsel for appellant. It is evident that the several continuances caused concern to the court and finally the court ordered the appellant to trial without an attorney. Hill was supporting people within his own home as well as sending some support to his out-of-state biological children. He was only working part time, whereas the defendant in *Brown* worked full time. The attorneys who had spoken to Hill wanted considerably more than the $500 mentioned in *Brown.* In the instant case Hill was charged with a felony, the defendant in *Brown* a misdemeanor. Furthermore, the trial court made only very limited inquiry into Hill's circumstances. In short, the parallels of *Brown* and the instant case compel a finding that Hill was indigent. By forcing appellant to stand trial without counsel the trial court denied appellant's constitutional rights when it found appellant could afford to retain counsel notwithstanding the criteria set forth in *Brown.*

The appellant's conviction is reversed and remanded for a new trial.

All concur.