SLIP OPINION

Cite as 2017 Ark. 283

# SUPREME COURT OF ARKANSAS.
No. CV–16–387

| | |
|---|---|
| ALLEN LYNN PENN<br>APPELLANT<br><br>V.<br><br>RICHARD GALLAGHER, ASSISTANT DIRECTOR, AND KERMIT B. CHANNELL, EXECUTIVE DIRECTOR, ARKANSAS STATE CRIME LABORATORY<br>APPELLEES | **Opinion Delivered** October 19, 2017<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60OT-50-6]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED AND REMANDED. |

RHONDA K. WOOD, Associate Justice

Appellant Allen Lynn Penn is an inmate incarcerated in the Arkansas Department of Correction. He appeals the circuit court's denial of his pro se petition for leave to proceed in forma pauperis in a civil matter. We reverse and remand.

In 2014, Penn wrote the Arkansas State Crime Lab seeking release of certain documents from his criminal case file and the confirmation by the Arkansas State Crime Laboratory of the existence of certain evidence—some bloody glass and fingerprints that Penn believed had been collected by the police investigating the crime.[1] Assistant Director Gallagher denied this request. Subsequently, Penn sought to proceed as a pauper so that he could file a pro se petition for writ of mandamus to obtain the evidence. The circuit court denied Penn's in forma pauperis petition without elaboration. Penn appeals.

---

[1] This court affirmed Penn's conviction on a capital-murder charge and his sentence to life imprisonment without parole. *Penn v. State*, 284 Ark. 234, 681 S.W.2d 307 (1984).

SLIP OPINION

Our review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion. *Jordan v. State*, 273 Ark. 75, 616 S.W.2d 480 (1981). The trial court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Johnson v. State*, 2017 Ark. 106, 515 S.W.3d 116. Rule 72 of the Arkansas Rules of Civil Procedure conditions the right to proceed in forma pauperis in civil matters upon indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2016). Rule 72 requires a circuit court to make findings of fact if it determines a petitioner is not indigent. *Id.*

The circuit court did not make findings of fact that Penn was not indigent. It is uncontested that he had no funds in his inmate-trust account. Thus, the parties adopt the position that the circuit court denied relief after determining Penn failed to state a colorable cause of action. "A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it." *Watts v. Kelley*, 2017 Ark. 189, at 5, 520 S.W.3d 249, 252.

Whether Penn ultimately can succeed in a writ of mandamus action initially depends on which version of Arkansas Code Annotated section 12-12-312 applies. Penn argues the crime lab must follow our precedent in *Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694 (per curiam), which interpreted Arkansas Code Annotated section 12-12-312(a)(1)(B)(ii) (Repl. 2003). However, when Penn made his request to the crime lab, a new version of the statute was in place; Arkansas Code Annotated section 12-12-312 (Supp. 2013). On appeal, appellees base their position on Arkansas Code Annotated section 12-12-312(a)(1)(B)(ii) (Repl. 2016).

Regardless of which statutory version is applicable, Penn's petition asserts facts to support a colorable claim for relief and is worthy of development at the circuit court level. Given his indigency status and his petition sufficiently stating a colorable cause of action, the circuit court's denial of Penn's petition to proceed in forma pauperis was clearly erroneous.

Accordingly, we reverse and remand.

Reversed and remanded.

*Allen Lynn Penn*, pro se appellant.

*Doralee Chandler*, General Counsel, for appellees.