223 So.2d 759 (1969)
Ben Sebastian SAPIO, Appellant,
v.
STATE of Florida, Appellee.
No. 68-785.
District Court of Appeal of Florida. Third District.
June 17, 1969.
Barry N. Semet, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The controlling question on this appeal is whether the court below erred in refusing to appoint state-provided trial counsel for the defendant. A three-count information was filed against the appellant. Count one charged him with the violation of § 800.01, Fla. Stat., F.S.A., by committing fellatio; count two charged him with the unlawful possession of marijuana; count three charged him with contributing to the delinquency of a minor. After several hearings before the court he was held ineligible for the services of the public defender. He was tried only on count one. He was found guilty by a jury, adjudicated guilty, and sentenced to five years in the state prison. This appeal followed.
When appellant appeared for arraignment the court asked him if he had an attorney. Appellant stated that he did not and then requested the appointment of the public defender. Under examination by the court he stated that he was working and earning $75 a week; that he did not own a car but was driving a 1962 Dodge Dart owned by his mother; that he was at liberty under a $3,000 bond obtained for *760 him by his mother; that he had one child and paid alimony to his former wife; that he did not own a home but rented a room. The court held that he was ineligible for the services of the public defender but postponed arraignment for two months in order to give the appellant time to make arrangements for obtaining counsel.
On the day set the appellant again appeared before the court but without an attorney. Under examination by the court he stated that he was working three days a week as a hairdresser; that he was divorced but supporting one child; that he owned a 1962 Dodge automobile; that he did not own a home. Appellant then stated that he had been to see several attorneys but "the amount of money they require is something I can't even make in half a year or more." He then added: "I can't see getting myself in all this debt when I am not guilty." The court again held that he was not eligible for the service of the public defender. When the appellant stated that he did not intend to get an attorney because he would not be able to, the court entered a plea of not guilty for him and set the case for jury trial three months later. At the conclusion of the hearing the clerk told the appellant: "Please sign this." The record reveals that what he signed was a waiver of right to counsel.
A few days before the date set for trial the appellant appeared before the court. He informed the court that he was out of a job; that he still owned a 1962 car; and that he had no bank account. The court announced that the case would be tried on the following Thursday.
It is apparent that the trial judge made an earnest attempt to determine appellant's financial condition. In addition the record reveals responses by the appellant which indicate a stubborn determination to take advantage of what he may have considered a sort of socialized legal aid which would provide him with counsel if he found it inconvenient to pay for representation. Also the state urges that the appellant did not make a good faith showing of indigency. It is pointed out that he first stated he did not own a car but that two months later he did own a car. The state also notes that appellant was able to acquire private counsel on appeal.
These considerations are not crucial to our determination here. The question is whether the appellant showed by his responses to the court's questions that he should have been adjudged insolvent. In Keur v. State, Fla.App., 1964, 160 So.2d 546, the Court of Appeal for the Second District stated that the test of insolvency is whether the defendant personally has the means, or property which can be converted to the means, to employ an attorney to represent him. This principle is well supported by the authorities cited in the opinion and has been applied in many instances. See In re L.G.T., Fla.App., 1968, 216 So.2d 54, and cases cited therein.
The uncontradicted facts herein establish that the appellant did not have the means or property which could be converted to the means for employing an attorney to represent him upon the serious charges with which he was faced. It is clear from appellant's statement to the court that the fees quoted to him by private counsel were substantial. This fact is understandable because the charges to be tried involved sexual deviation, contribution to the delinquency of a minor, and possession of marijuana. The preparation necessary for adequate legal defense to such charges would understandably be time consuming and therefore expensive. Under the circumstances of this case we believe that the manifest weight of the evidence before the trial court required a finding that the appellant was entitled to state-provided counsel.
It should be pointed out that a review of the record is conducive to the view that the court may have given more than proper weight to the fact that the appellant's mother posted bond for him. As the *761 cases we cited above indicate, the financial abilities of a defendant's relatives have no bearing on the question of the defendant's solvency.
The appellant has presented three additional points, each of which in our opinion would require serious consideration. We have not considered them, inasmuch as we have found it necessary to reverse upon appellant's first point. We do not find it necessary to discuss these matters since they concern issues not likely to arise if the appellant is adequately represented at trial.
Reversed and remanded for a new trial.