ADKINS, Justice.
This is a direct appeal from the Circuit Court of Orange County which construed a controlling provision of the Federal Constitution.
The appellees, defendants below, James R. Cameron and Phyllis S. Cameron, were convicted in the Municipal Court of the City of Orlando and received sentences imposing fines, or imprisonment upon default in payment of the fines.
The defendants were each represented by private counsel at the trial and surety bonds were posted after their arrest. The record does not contain any evidence indicating that either defendant was indigent or unable to pay any of the fines levied by the trial court. The Circuit Court on its own motion considered the legality of the sentences as a fundamental constitutional question appearing on the face of the record and declared that the “sentences imposed on the appellants were a violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution.” This decision was based on the authority of Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). The Circuit Court in *422 its order pointed out that defendants were faced with the choice “of paying a fine (which they could not do if they did not have the money) or serve a prison sentence.”
The decision of the Circuit Court construed a controlling provision of the Federal Constitution and we have jurisdiction. Fla.Const. art. V, § 4(2), F.S.A. See Fort Lauderdale v. King, 222 So.2d 6 (Fla.1969).
The appellant, City of Orlando, Florida, contends that alternative sentences of fine or imprisonment are not a violation of the due process clause of the Fourteenth Amendment to the United States Constitution unless it appears from the record that a defendant is unable because of indigency to pay the prescribed fine.
Tate v. Short, supra, involved a situation where a petitioner in habeas corpus had accumulated fines on several traffic convictions which he was unable to pay because of indigency. He contended that because he was too poor to pay the fines his imprisonment was unconstitutional. The Supreme Court agreed with this contention, relying upon the previous decision in Williams v. Illinois, supra. The Court pointed out that fines were imposed to augment the State’s revenues; but, this purpose is not served if a defendant cannot pay because of his indigency. His imprisonment, rather than aiding collection of the revenue, saddles the State with the cost of feeding and housing him for the period of his imprisonment. The Court in its opinion observed:
“There are, however, other alternatives to which the State may constitutionally resort to serve its concededly valid interest in enforcing payment of fines. We repeat our observation in Williams in that regard, 399 U.S., at 244-245, 90 S.Ct., at 2024, 26 L.Ed.2d at 595 (footnotes omitted):
“ ‘The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.
“ ‘It is unnecessary for us to canvass the numerous alternatives to which the State by legislative enactment — or judges within the scope of their authority — may resort in order to avoid imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs. Appellant has suggested several plans, some of which are already utilized in some States, while others resemble those proposed by various studies. The State is free to choose from among the variety of solutions already proposed and, of course, it may devise new ones.’
“We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant’s reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case.” (Emphasis supplied) Tate v. Short, supra, 401 U.S. p. 399, 91 S.Ct. p. 671, 28 L.Ed.2d pp. 134-135.
In this opinion, the Supreme Court noted a procedure for paying fines in installments which had been widely endorsed as effective, not only to collect the fine but also to save the expense of maintaining a prisoner and avoiding the necessity of supporting his family under the State welfare program while he is confined. However, *423 Fla.Stat. § 937.11(2), F.S.A., requires that in prosecutions by the State fine and costs shall be paid within twenty-four hours, during which time the accused shall remain in custody of an officer. If not paid within that period of time the statute requires that the defendant be committed to jail. The necessity for legislative action in this field is apparent. See Florida Law Review, Vol. XXIV (Fall 1971), p. 166, in article entitled, Installment Payments: A Solution to the Problem of Fining Indigents, by Thomas E. Morris.
We conclude that the Municipal Court did not commit error in sentencing the defendants to pay a fine or, in the alternative, serve a term of imprisonment. The imposition of such a sentence does not, in itself, violate any of the constitutional rights of a defendant. If a defendant is in fact indigent, the burden is upon him to prove his indigency to the Court. Fla.Stat. § 27.52, F.S.A., describes the procedure for the determination of insolvency. Although this procedure was adopted for the purpose of determining whether a defendant is entitled to the services of a public defender, it is equally applicable to the situation where a defendant seeks to avoid imprisonment for nonpayment of a fine because of his indigency.
The decision of the Circuit Court is reversed and the cause is remanded with instructions to affirm the judgments and sentences of the Municipal Court of the City of Orlando, Florida. However, this affirmance must be without prejudice to the rights of the defendants to present evidence of their insolvency to the Municipal Judge of the City of Orlando, if they are, in fact, indigent.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.