PER CURIAM.
The defendant appeals a judgment finding him guilty of robbery after a jury trial and a sentence of ten years in the state prison. No transcript of the court proceedings is presented. On this record, the only matter that we are able to consider is appellant’s point claiming that: “The court proceedings were violative of the defendant’s sixth amendment rights as he was tried without counsel and therefore the defendant was not afforded his constitutional guarantee of a fair trial.” The matter of appellant’s alleged insolvency has been considered by this court on his motion for an order declaring him to be insolvent for the purpose of procuring an appellate record. Appellant’s motion in the trial court to be declared insolvent was denied after testimony revealed that he had, since being arrested for the crime, disposed of property valued at several thousand dollars by transferring it to relatives. In this court, upon the motion of the defendant, an order was entered requiring the State to respond to the defendant’s motion for an order declaring him to be insolvent. The State’s response consisted of a transcript of the proceedings with regard to insolvency. After reviewing the record and hearing oral argument thereon, this court denied the motion.
Immediately prior to oral argument in this court, the defendant, through his prior attorney, moved the court to consider the transcript which the State had furnished upon insolvency as a part of the record in this cause. This motion was granted.
It is apparent that the defendant has done little[1] to meet the burden placed upon him to show that he was, in fact, insolvent. We, therefore, find that no error has been shown under appellant’s point on appeal. See City of Orlando v. Cameron, Fla.1972, 264 So.2d 421; Keur v. State, Fla.App.1963, 160 So.2d 546; and see Sapio v. State, Fla.App.1969, 223 So.2d 759.
Affirmed.

. Defendant did file a bare bones affidavit of insolvency.