STATE of Tennessee, Appellee,

v.

Gary Edward GARDNER, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 4, 1981.

William L. Shulman, Richard McGee, Susan L. Kay, Asst. Public Defenders, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Ronald E. Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

SCOTT, Judge.

This is an extraordinary appeal by permission from this Court, pursuant to Rule 10, T.R.A.P. Three issues have been framed by the appellant, presenting a case of first impression in the appellate courts of this state. The crux of the matter is whether the appellant/defendant is an indi-

gent and, therefore, entitled to the services of the Davidson County Public Defender.

On September 23, 1981, the appellant was arraigned upon a felony charge in the Criminal Court of Davidson County, and the public defender was appointed to represent him.

On October 8, 1981, the appellant appeared in open court concerning his bond. His father had traveled to Nashville from Springdale, Arkansas, with $3,500 in cash in order to post a cash bond for the release of his son. The trial judge heard proof from the appellant concerning his plans to work in the oil fields of Oklahoma if released on bond and to employ private counsel to represent him in this case. His father testified as to his willingness to post the bond. At the conclusion of the hearing, the trial judge found the $3,500.00 insufficient and raised the bond to $15,000.00. The public defender continued to represent the appellant.

Unable to post the higher bond, the appellant appeared with an assistant public defender on October 15, 1981, for the purpose of entering a guilty plea to the offense of attempt to commit a felony and to accept an agreed sentence of not less than one nor more than one year in the state penitentiary. The trial judge interrupted the guilty plea dialogue to inquire as to whether the appellant was the same person who had earlier promised to obtain private counsel. Upon learning that he was the same individual, the court, sua sponte, held a hearing regarding the appellant's indigency status. The appellant testified that he had been in jail for about a month and that he had $10.00 in his account at the jail. Other than this money he had no other property. His father testified that he was financially unable to employ counsel for his son. The state presented no proof.

At the conclusion of the hearing the trial judge found as follows:

All right, the Court finds as a matter of fact that Gary Edward Gardiner is not indigent and finds the testimony of his father that he cannot hire counsel to be incredible. The Public Defender will not

be allowed to represent him. Mr. Gardiner hire your son a lawyer.

The trial judge also entered an order which provided in pertinent part as follows:

The defendant, through his father, attempted to post a cash bond in the amount of $3,500.00, and remains able so to do.

The Court, therefore, concludes that the defendant is financially able to defray the costs of his representation, and the State should not be taxed with attorney's fees simply because an over-zealous member of the Public Defender's staff decides to assist a defendant in the posting of a three thousand five hundred dollar ($3,500.00) *cash* bond—a contradiction per se.

The Court further concludes that some defendants, after assessing the relative merits of hiring private counsel as against availing themselves of an ever-available public defender, may well choose to be represented by the public defender and save the costs of private counsel. This occurs more than the Court can know.

But where, as in this case, the defendant is *demonstrably* able to finance his own defense, and is apparently using the public defender's services as a "cost-free alternative", his plea of indigency falls upon deaf ears.

The appellant is presently incarcerated in the Metropolitan Jail, unable to make bond, unable to hire a lawyer, unable to get his case set, and unable to plead guilty as he intended to do.

Although forbidden by the trial judge from representing the appellant, the public defender has, utilizing the vehicle of Rule 10, T.R.A.P., sought the assistance of this Court in obtaining an attorney for the appellant. Unlike the trial court, our ears are not deaf to the appellant's plea.

■ It is elementary that the Sixth Amendment of the United States Constitution guarantees that an accused in a criminal case is entitled to the assistance of counsel. This requirement is obligatory on the states by the virtue of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963). Similarly, Article 1, Section 9 of the Tennessee Constitution guarantees that, "In all criminal prosecutions the accused hath the right to be heard by himself and his counsel."

It is also fundamental that one charged with a crime who is unable to obtain representation must be furnished counsel by the state. *Gideon v. Wainwright*, Id., 372 U.S. at 343, 83 S.Ct. at 796. Since the Territorial Assembly of 1794 at Knoxville, it has been recognized in this jurisdiction that a criminal defendant is entitled to counsel in all matters necessary to his defense. TCA § 40–2002, codifying Chapter 1, Section 71, Acts of the Territorial Assembly of 1794. An accused unable to employ counsel is entitled to have counsel appointed by the court. TCA § 40–2003. This code section was first codified as Section 5206 of the Code of 1858.

■ Unless the right is waived, every indigent defendant is entitled to have counsel assigned to represent him in all matters necessary for his defense and at every stage of the proceedings. Rule 44, Tenn.R.Cr.P. An "indigent person" is defined for the purpose of determining whether counsel will be appointed, as "any person who does not possess sufficient means to pay reasonable compensation for the services of a competent attorney." TCA § 40–2014.

In all felony cases, if the accused is indigent and has not obtained representation or waived his right to counsel, the court *shall* appoint the public defender, if there is one for the county, or a competent licensed attorney to represent him. (emphasis added) TCA § 40–2017(a). In determining whether an accused is indigent, the court shall take into consideration:

(1) The nature of the services to be rendered;

(2) The usual and customary charges of an attorney in the community for rendering like or similar services;

(3) The income of the accused regardless of source;

(4) The poverty level income guidelines compiled and published by the United States department of labor;

(5) The ownership or equity in any real or personal property;

(6) The amount of the appearance or appeal bond and whether the party has been able to obtain his release by making such bond; and

(7) Any other circumstances presented to the court which are relevant to the issue of indigency. TCA § 40–2017(b).

■ The trial judge's decision in this case was apparently predicated on the fact that the appellant's father sought to post a cash bond for him. However, the fact that an accused has succeeded in obtaining his release on bail does not conclusively determine his nonindigency for the purpose of eligibility for appointed counsel. *People v. Valdery*, 41 Ill.App.3d 201, 354 N.E.2d 7, 8 (1976); *People v. Eggers*, 27 Ill.2d 85, 188 N.E.2d 30, 31–32 (1963). In this case the accused has been unable to post the bail bond set by the trial judge and now waits in jail, apparently ready to plead guilty if given the opportunity to appear with counsel and do so.

■ The court obviously felt that the appellant's father should assist him by retaining counsel for his son. However, his father, regardless of his financial condition, has no such legal duty. While a moral obligation may require relatives to assist one another, we know of no legal rule requiring it when, as in this case, the accused is an adult. *State v. Wright*, 111 Iowa 621, 82 N.W. 1013, 1014 (1900).

The twenty-eight year old appellant is an emancipated son, who long ago reached the age of majority under the statutes of this state. TCA § 1–3–105(29), TCA § 1–3–113. At the time of complete emancipation, the parents' legal duty to support the child is terminated. By lowering the age of majority to eighteen, the General Assembly completely emancipated those over eighteen from control of the parents and relieved the parents of any legal duty to support their

child. *Garey v. Garey*, 482 S.W.2d 133, 135 (Tenn.1972).

In *People v. Gustavson*, 131 Ill.App.2d 887, 269 N.E.2d 517, 519 (1971), two college students (age nineteen and twenty) were accused of petit larceny. Since they had no money they sought appointed counsel. The trial judge refused, holding that their parents must pay attorneys for their children. The parents of one defendant refused and the widowed mother of the other relied upon the court to appoint counsel for her son. On appeal the appellate court held that it was reversible error to refuse to appoint counsel for these defendants.

■ The financial condition of a defendant's relatives has no bearing on the question of the defendant's solvency. *Sapio v. State*, 223 So.2d 759, 760–761 (Fla.App. 1969). Relatives who have heretofore come to the aid of an accused cannot be looked to as the source of funds for an accused, as there is no legal way to force them to provide for their adult child. *State v. Van-Gorder*, 192 Iowa 353, 184 N.W. 638, 639 (1921).

The question in inquiries as to insolvency is not whether the defendant's friends or spouse or relatives have the ability or readiness or willingness to provide the funds, but whether the defendant personally has the means, or property which can be converted to the means to employ an attorney to represent him. If a defendant charged with a felony satisfactorily establishes by competent evidence that he is financially unable to employ an attorney, the court is required to adjudicate him insolvent and the public defender is required to represent the defendant. *Keur v. State*, 160 So.2d 546, 549 (Fla.App.1963).

Section 6.1 of the *American Bar Association's Standards Relating to the Administration of Criminal Justice, Providing Defense Services*, addresses the question of eligibility for appointed counsel as follows:

Counsel should be provided to any person who is financially unable to obtain adequate representation without substantial hardship to himself or his family. Counsel should not be denied to any person

merely because his friends or relatives have resources adequate to retain counsel or because he has posted or is capable of posting bond.

■ It is not necessary that one be a "pauper" in order to be "indigent" for purposes of having appointed counsel in a criminal case. Rather, when one lacks the financial resources which would allow him to retain a competent criminal lawyer at the particular time he needs one, he is entitled to appointed counsel. *Anaya v. Baker*, 427 F.2d 73, 75 (10th Cir. 1970).

Indigency in the sense of ability to employ competent counsel is not necessarily equatable with "destitution". The judge need only be satisfied that representation essential to an adequate defense is beyond the means of the defendant. *United States v. Cohen*, 419 F.2d 1124, 1127 (8th Cir. 1969). Indigency is a relative concept, and must be defined with reference to the particular right asserted. *State ex rel. Riendeau v. Tahash*, 276 Minn. 26, 148 N.W.2d 557, 559–560 (1967). One able to employ counsel to defend a minor misdemeanor charge may be unable to afford counsel to defend a serious felony charge. *State v. Harris*, 5 Conn.Cir. 313, 250 A.2d 719, 721 (1968).

It is firmly established in our jurisprudence that the findings of a trial judge who presided at an oral hearing where he saw and heard the witnesses testify and heard and considered conflicting testimony will be given the weight of a jury verdict. His findings will not be disturbed on appeal if supported by any material evidence. *Ryan v. State*, 97 Tenn. 206, 36 S.W. 930, 931 (1896).

However, in this case the record clearly reveals that there is no material evidence to support the trial judge's determination that the appellant is not indigent. Rather, the record clearly reveals that the appellant is an indigent and, therefore, entitled to the services of the public defender. Indeed, this appellant could be termed a "pauper" or "destitute".

The judgment of the trial court relieving appointed counsel is reversed and the prior judgment of the trial court appointing the public defender is reinstated. The cause is remanded for trial or a plea of guilty with the appellant again being represented by a member of the staff of the Davidson County Public Defender.

BEN H. CANTRELL, Special Judge, and DAUGHTREY, J., concur.