**STATE of Tennessee, Appellee,**

v.

**Donnie K. HENRY, alias Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 10, 1987.

Leah J. Prewitt, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, for appellee.

### OPINION

DWYER, Judge.

This is an appeal of right from a conviction of the offense of driving while intoxicated. Appellant was sentenced to 11 months and 29 days in the county jail, with all but ten days suspended. Appellant also was fined $250 and had his license revoked. He raises four assignments of error, however, it is only necessary for us to consider whether the trial court erred in failing to find the defendant indigent for the purpose of appointing counsel.

The trial court held a hearing at appellant's arraignment to determine the question of appellant's indigency. Appellant testified that he had no job or money. He further indicated that he did odd jobs when able. Appellant stated that he was single

and lived alone on a portion of his family's farm.

The record reveals that appellant's mother pays his monthly utility bills, and that his monthly medical bills, which are related to alleged physical and mental disability, are paid by insurance. The record further reveals that appellant's only financial asset was a 1973 pickup truck, valued at $800, which was needed for use on the farm, for hauling fire wood to his home in the winter, and generally for getting to town.

Responding to questioning by the trial court, the appellant indicated his defense would cost him at least $250, which he said he could not afford. When the trial court suggested that appellant sell his vehicle or use it to collaterize a loan to finance his defense, appellant responded that the vehicle was necessary to get by, and since he had no job he was unable to repay a loan.

In ruling that appellant was not indigent, the trial court noted the value of appellant's truck, and the fact that a court-appointed attorney would not receive payment under the rules since appellant was not charged with a felony.[1] The court also emphasized that the matter for which appellant was charged was a "serious offense" carrying a possible sentence of 11 months 29 days and fine of up to $1,000.

For the purpose of determining whether counsel will be appointed, an indigent person is one who does not possess compensation for the services of a competent attorney. *State v. Gardner*, 626 S.W.2d 721, 723 (Tenn.Crim.App.1981); Tenn.Code Ann.Sec. 40–14–201(1). Rule 44(a) of the Tennessee Rules of Criminal Procedure provides, in pertinent part:

> Every indigent defendant shall be entitled to have counsel assigned to represent him in all matters necessary to his defense and at every stage of the proceedings unless he executes a written waiver....

In the case *sub judice*, it is evident that appellant had no job or money. His only financial asset was a pickup truck valued at $800. It is unreasonable to expect that appellant should sell this vehicle or use it to collateralize a loan for his defense, as the trial court suggests. To do so would work a substantial hardship on the appellant.[2] The record clearly reveals that this vehicle is of necessity to the appellant. Appellant lives in a rural area, and the vehicle is his only apparent means of transportation. The truck is used by appellant on the farm, and is required to haul wood in the winter to heat his home. Further, we note that in an effort to perfect this appeal appellant, *pro se*, moved this Court to permit him to "proceed as a poor person and for appointment of counsel." Said request for appointed counsel was granted.

It is not necessary that appellant be a pauper or destitute. *See State v. Gardner, supra* at 725. Rather, when one lacks the financial resources to allow him to retain a competent criminal attorney at the particular time he needs one, he is entitled to appointed counsel.

It is also irrelevant that appellant's family may be financially capable of retaining counsel on his behalf. The appellant is 29 years old. At the time of his emancipation, the parents' legal duty to support him is terminated. *Garey v. Garey*, 482 S.W.2d 133, 135 (Tenn.1972); *see also State v. Gardner, supra* at 724. Furthermore, counsel should not be denied any person merely because his friends or relatives have resources adequate to retain counsel or because he has posted or is capable of posting bond.[3]

Finally, it is irrelevant that the appellant, unlike the appellant in *State v. Gardner, supra*, does not stand accused of a felony. In *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court held that absent a knowing and intelligent waiver, no person

---

1. Tennessee Supreme Court Rule 13(2)(B)(1) (effective July 1, 1986) now permits compensation for appointed counsel for a defendant charged with a misdemeanor if the defendant is in jeopardy of incarceration.

2. *See* Section 6.1 of the *American Bar Association's Standards Relating to the Administration of Criminal Justice, Providing Defense Services.*

3. *Id., also see State v. Gardner, supra* at 724–725.

may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony unless he was represented by counsel. Additionally, we are not impressed that a court-appointed counsel, in a non-felony matter, is not entitled to compensation by the State for his services. Although the trial court's concern for the financial well-being of court-appointed counsel is undoubtedly well-meant, this consideration has no relevancy to the issue of indigency.

While it is firmly established that the findings of a trial judge will not be disturbed on appeal if supported by any material evidence, *Ryan v. State*, 97 Tenn. 206, 36 S.W. 930, 931 (1896), we are of the opinion that the learned trial court erred. The evidence does not preponderate against appellant's indigency. In fact, the evidence supports it. Accordingly, we find that the appellant is indigent as defined by prevailing authority. Pursuant to the Sixth Amendment to the United States Constitution, obligatory to the states by virtue of the Fourteenth Amendment, and Article I Section 9 of the Tennessee Constitution, the appellant is entitled to be represented by counsel.

The judgment of the trial court therefore is set aside and the record is remanded for a new trial.

DUNCAN and BYERS, JJ., concur.