IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1998 SESSION

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk



ROGER HARRIS,                )
                             )      C.C.A. No. 03C01-9712-CR-00516
        Appellant,           )
                             )      Unicoi County
v.                           )
                             )      Honorable Lynn W. Brown, Judge
STATE OF TENNESSEE,          )
                             )      (Interlocutory Appeal)
        Appellee.            )


FOR THE APPELLANT:                  FOR THE APPELLEE:

Jeffery Craig Kelly                 John Knox Walkup
Assistant Public Defender           Attorney General & Reporter
142 East Market Street              425 Fifth Avenue, North
P. O. Box 996                       Nashville, TN  37243-0493
Johnson City, TN  37605
                                    Ellen H. Pollack
                                    Assistant Attorney General
                                    425 Fifth Avenue, North
                                    Nashville, TN  37243-0493

                                    David E. Crockett
                                    District Attorney General
                                    Route 19, Box 99
                                    Johnson City, TN  37601

                                    Kent W. Garland
                                    Assistant District Attorney General
                                    Unicoi County Courthouse
                                    Erwin, TN  37650


OPINION FILED: _____


REVERSED AND REMANDED


L. T. LAFFERTY, SENIOR JUDGE

## O P I N I O N

The appellant, Roger Harris, appeals pursuant to Rule 10, Tenn. R. App. P., from an order of the trial court ordering the appellant's family to pay $500 to the Unicoi County Public Defender before allowing substitution of counsel. The state agrees the trial court erred in ordering such payment. After a review of the record in this cause, briefs of the parties, and appropriate law, we agree. The trial court's order is reversed, and the cause is remanded for consideration of substitution of private counsel without requiring the appellant's family to pay $500 to the Public Defender.

## BACKGROUND

On March 15, 1995, the appellant filed a petition for post-conviction relief in the Unicoi County Criminal Court. In June, 1991, the appellant was found guilty of first degree murder and reckless endangerment with a deadly weapon. The appellant was sentenced to life in prison for the murder charge and to two years imprisonment for the reckless endangerment with a deadly weapon charge. In his petition, the appellant alleged ineffective assistance of counsel at both the trial and appellate levels. Shortly after the appellant's petition was filed, the Public Defender's office was appointed to represent the appellant due to indigence. The record reflects two amendments to the post-conviction petition were filed by the Public Defender. For various reasons, the petition was continued to October, 1997.

On September 23, 1997, Kenneth F. Irvine, Jr., Esq. filed an entry of appearance in behalf of the appellant. On October 17, 1997, the trial court conducted a hearing on the appellant's request for substitution of counsel and a continuance. Mr. Irvine appeared at the hearing. During the discussion with counsel, the trial court expressed its concern over the inability to dispose of the cause. Mr. Irvine advised the trial court that the appellant was still incarcerated, but the appellant's family was willing to pay his fee, and he would be ready to dispose of the petition within thirty days. The trial court determined that the Public Defender had invested approximately 25 hours in its representation of the appellant at a rate of $40 per hour. The trial court determined that the appellant's representation cost the

2

taxpayers in excess of $1,000.

It is clear from the record that the trial court was irritated with the appellant's family suddenly coming forth with the funds to pay private counsel at such late date. The trial court permitted the substitution of counsel with the requirement that the appellant's family pay $500 to the Public Defender's fund. The trial court cited no authority for its ruling. An order was entered on November 7, 1997, reflecting the conditional grant of the appellant's request for substitution of counsel and resetting the case for December 9, 1997 to determine if the family had paid the $500.

## LEGAL ANALYSIS

In his interlocutory appeal to this Court, the appellant asserts that the trial court erred in requiring his family to pay $500 to the Public Defender before allowing substitution of private counsel. The state agrees with the appellant's position. We agree with both parties that the trial court was in error and remand for further proceedings.

In an analogous case, this Court, in *State v. Gardner,* 626 S.W.2d 721, 724 (Tenn. Crim. App. 1981), reversed a trial court's decision denying appointed counsel, where the defendant's father had previously posted the defendant's bond. This Court held:

> The financial condition of a defendant's relatives has no bearing on the question of the defendant's solvency. *Sapio v. State,* 223 So. 2d 759, 760-61 (Fla. App. 1969). Relatives who have heretofore come to the aid of an accused cannot be looked to as the source of funds for an accused, as there is no legal way to force them to provide for their adult child. *State v. VanGorder,* 192 Iowa 353, 184 N.W. 638, 639 (1921).

> The question in inquiries as to insolvency is not whether the defendant's friends or spouse or relatives have the ability or readiness or willingness to provide the funds, but whether the defendant personally has the means to employ an attorney to represent him.

*Id.*

It is clear that the appellant is indigent after being incarcerated for many years, and, therefore, is unable to hire private counsel to assist in the presentation of his petition for post-conviction relief.

The trial court's order is reversed, and the cause is remanded for consideration of substitution of private counsel without requiring the appellant's family to pay $500 to the Public Defender.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JAMES CURWOOD WITT, JR., JUDGE