Osba T. SHERRELL et al *v.* A. A. BYRAM

76-409                                          545 S.W. 2d 603

January 24, 1977

*Ponder & Lingo* and *Murphy & Blair,* for appellants.

*John C. Gregg,* for appellee.

## PER CURIAM

The Clerk's refusal to file this appeal raises the issue of how to calculate the seven months limitation in Ark. Stat. Ann. § 27-2127.1 (Supp. 1975) for docketing appeals when a motion for new trial has been properly filed and acted upon pursuant to Ark. Stat. Ann. § 27-2106.3, § 27-2106.4 and § 27-2106.5. The record shows that the trial court announced its decision on February 24, 1976 and entered a decree thereon on April 6, 1976. The petitioner here, however, filed a motion for new trial on the basis of newly discovered evidence on March 31, 1976, and on April 29, 1976 the trial court by order set the hearing for May 21, 1976. Following the taking of additional evidence on May 21st, the trial court formally denied the motion for new trial on June 2, 1976. On that same day petitioners filed their notice of appeal from the decree of April 6, 1976 and the order denying the motion for new trial. Thereafter, the trial court properly granted an additional extension of time for the preparation of the transcript. When the record was presented to the Supreme Court Clerk for filing, the Clerk refused to file the record because more than seven months had elapsed from the time the original decree was entered on April 6, 1976.

As pointed out in *St. Louis Southwestern Ry. Co. v. Farrell,* 241 Ark. 707, 409 S.W. 2d 341 (1966), the provisions of Ark.

Stat. Ann. § 27-2106.3 through § 27-2106.6 (Supp. 1975), were enacted to remedy an awkward situation created by Act 555 of 1953 with reference to motions for new trial. While that case only involved the time for filing of the notice of appeal it also demonstrates the awkward situation that would be created by calculating the seven months from the date of the entry of the original decree as the Clerk has done here — *i.e.* a trial court by holding a motion for new trial under advisement for more than seven months could thwart an appeal on any matter except that involved in the motion before the court notwithstanding the fact that the complaining party's time for giving notice of appeal had not expired. When we consider the practical effect of giving a party ten days from the denial of a motion for new trial in which to file a notice of appeal, we must conclude that the seven months limitation in Ark. Stat. Ann. § 27-2127.1 (Supp. 1975), must be calculated from the date of an order denying a properly filed and presented motion for new trial pursuant to Ark. Stat. Ann. § 27-2106.3 through § 27-2106.5 (Supp. 1975).

It follows that the petition for Rule on Clerk to file the record in this case must be granted.