PENTRON CORPORATION et al *v.* DELTA STEEL & CONSTRUCTION COMPANY

689 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered May 20, 1985

92

*Heiskell, Donaldson, Adams, Williams & Kirsch*, by: *Charles C. Harrell*; and *Jake Brick, P.A.*, for appellants.

No response by appellee.

GEORGE ROSE SMITH, Justice. The judgment on the jury's verdict in this case was entered (filed in the clerk's office) in Crittenden Circuit Court on August 14, 1984. The record was not tendered to the clerk of the supreme court until April 1, 1985. The clerk refused to file the record, because it was tendered more than seven months after the entry of judgment. Rule 5(b), Ark. Rules of Appellate Procedure. There is unquestionably some uncertainty about the interaction between Rule 4, which governs the filing of the notice of appeal, and Rule 5, which governs the time

for filing the record with the clerk of this court. The situation that led to the clerk's refusal to file the record tendered in this case highlights the conflict that exists; so this is an appropriate opportunity for the court to dispel the confusion.

Here the judgment was entered on August 14. Rule 4(a) requires the notice of appeal to be filed within 30 days, except that Rule 4(b) permits the time to be extended by the timely filing of specified postjudgment motions. Two such motions were timely filed on August 14. Judge Gerald Brown could not hear the motions at once; so he ordered that the motions be heard on September 24. That order was in writing, as required, and was timely entered on August 31. Rule 4(c); *Smith* v. *Boone*, 284 Ark. 183, 680 S.W.2d 709 (1984). The motions were denied on September 24 by an order entered on September 26. Notice of appeal was filed on October 5, within the ten days allowed by Rule 4(d). There is no question about the timeliness of the notice of appeal.

At that point Rule 5 came into play. Rule 5 requires the record to be filed with the clerk of this court within 90 days from the filing of the notice of appeal, unless the time is extended by the trial court by an order entered within the 90 days. Here the 90 days from the filing of the notice of appeal on October 5 would have expired on January 3. By an order entered on December 28 the court extended the time for another 90 days, to expire on April 3. On April 1, within the second extension, the record was tendered to the clerk of this court, who refused to file it because Rule 5(b) provides: "In no event shall the time be extended more than seven months from the date of the entry of the judgment, decree or order." Since the original judgment was entered on August 14, the seven months had expired on March 14.

This point was decided in *Sherrell* v. *Byram*, 260 Ark. 908, 545 S.W.2d 603 (1977), where we said that the case "raises the issue of how to calculate the seven months limitation . . . for docketing appeals when a motion for new trial has been properly filed and acted upon pursuant to [statutes superseded by the present rules]." We concluded that the seven months must be calculated from the date of the order denying the motion for new trial, for otherwise the trial court's delay in holding the motion under advisement for more than seven months might thwart the appeal. The *Sherrell* case, however, was overlooked in *Yent* v.

*State*, 279 Ark. 268, 650 S.W.2d 577 (1983), where we said that the trial court cannot extend the time to a date more than seven months after the entry of judgment, the appellant's remedy being to file a partial record in the supreme court and seek an extension for a compelling reason, such as an unavoidable casualty. It should be noted that in any event *Yent* reached the right result, for the appellant's failure to obtain the entry of a written order within 30 days after the entry of the judgment, either taking the motion for new trial under advisement or setting a date for it to be heard, was fatal to the attempted appeal. *Smith* v. *Boone, supra.*

We are convinced that *Sherrell* states the better rule, and not merely because a trial judge's delay might create a hardship. Rule 4 and Rule 5 are meant to operate successively. That is, a final disposition of the case in the trial court is reached before the notice of appeal must be filed under Rule 4. Rule 5 must then be observed in the preparation of the record and its filing with the clerk of the appellate court. That process should logically date from the notice of appeal, not from the entry of a judgment perhaps some months earlier. Even more important, until a motion for a new trial is acted upon, it cannot be known which party will be the appellant, for by Rule 2(a)(3) an order either granting or denying a new trial is appealable. It is manifestly impractical to put the burden of acting within seven months upon a party whose identity may not yet have been determined.

The confusion that has arisen is attributable to the wording of the next to the last sentence in Rule 5(b). On the date of this opinion we are also amending that troublesome sentence, effective today.

Rule granted.