Joseph PERRY, Jr. *v.* STATE of Arkansas

699 S.W.2d 739

Supreme Court of Arkansas
Opinion delivered November 25, 1985

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner, Joseph Perry, Jr., was convicted on March 8, 1985 of driving while intoxicated. His notice of appeal was timely filed on April 3, 1985, but a transcript was not ordered. Also on April 3, the petitioner sought permission to proceed In Forma Pauperis. That pro se petition was denied by the trial court and, subsequently, by this court. On September 18, 1985, Perry's pro se motion for reconsideration was denied by this court. He ordered a transcript of the trial proceedings on September 25, 1985.

Petitioner Perry filed his first motion for extension of time to lodge the transcript on July 2, 1985 in the Lee County Circuit Court. Time was extended by the trial judge until October 8. On October 3, in response to a second motion by Perry, a judge who was not the trial judge found it was "impossible or impracticable"

for the record to be completed on time, and extended the date to lodge the transcript until November 1, 1985. Perry tendered the transcript on October 28 and it was refused by the Supreme Court Clerk as out of time. In this motion for rule on clerk, petitioner asks this court to accept the record and maintains it was not tendered too late since he relied on a judge's order extending the time until November 1.

█ The motion is denied. Arkansas R. App. P. 5(b) provides that a trial court can extend the time for filing the record on appeal but "[i]n no event shall the time be extended more than seven (7) months from the date of the entry of the judgment, decree or order. . . ." Here, the judgment was entered March 8, and the transcript therefore had to be filed by October 8. Some exceptions are allowed in the event certain postjudgment motions are filed pursuant to Ark. R. App. P. 4(b) & (c), but none of those motions were filed by this petitioner and so the rule is inapplicable. *See Pentron Corp.* v. *Delta Steel & Const. Co.*, 286 Ark. 91, 689 S.W.2d 539 (1985).

Although the petitioner argues reliance on a judge's order as the basis for his noncompliance with Rule 5(b), he demonstrated an awareness of the seven month time limitation in his own motion filed September 25 where he stated:

> In our conversation of the 24th, Sept., you stated that you would extend the time to the end of the 7 month period. By your calculation, this time period are up [sic] Oct. 8, 1985.

> At this time I request that you extend the time for me to file the transcript to its maximum time allow by law.

In its order of September 26, the trial court extended the time to October 8 and acknowledged in writing that that was "the maximum time the Court can extend for filing of the transcript." A later extension until November 1 was granted by a different judge than had granted the previous extension.

█ The petitioner cannot succeed on his motion by virtue of his reliance on the action of the judge who approved the final extension to November 1. October 8 was and is the final date for lodging this appeal. We have held that "[i]t is the duty of counsel, not the judge, not the clerk, not the reporter, to perfect an appeal." *Finley* v. *State*, 281 Ark. 38, 661 S.W.2d 358 (1983).

We hold pro se litigants to the same requirements to which we hold attorneys. *Weston* v. *State*, 265 Ark. 58, 576 S.W.2d 705 (1979). Furthermore, we have specifically held that pro se parties are responsible for following rules of appellate procedure. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984).

Accordingly, the motion for rule on clerk is denied.

PURTLE, J., not participating.