Joseph **PERRY, Jr.,** Petitioner,

v.

**CHIEF OF POLICE OF the CITY OF MARIANNA, ARKANSAS,** Respondent.

**No. H–C–86–08.**

United States District Court, E.D. Arkansas, E.D.

May 27, 1987.

---

Steve Clark, Atty. Gen. of State of Ark., Little Rock, Ark. by Clint Miller, Asst. Atty. Gen., for respondent.

## ORDER

GEORGE HOWARD, Jr., District Judge.

The Court has received Proposed Findings and Recommendations from Magistrate John F. Forster, Jr. After careful review of those findings and recommendations, the Court adopts them in their entirety.

IT IS, THEREFORE, ORDERED that the petition for writ of habeas corpus should issue; the Respondent shall grant Petitioner an *in forma pauperis* appeal within sixty (60) days or vacate the conviction.

## PROPOSED FINDINGS AND RECOMMENDATIONS

May 5, 1987

JOHN F. FORSTER, Jr., United States Magistrate.

The "able-bodied and educated" test used to determine whether a criminal defendant should be permitted to proceed *n forma pauperis,* by the Lee County (Arkansas) Circuit Court[1] and affirmed by the Arkansas Supreme Court,[2] violates the Due Process and Equal Protection Clauses of the United States Constitution. Petitioner, Joseph Perry, Jr., was effectively denied his right to appeal from a 15–day jail sentence and $150.00 fine imposed against him by the Lee County Circuit Court for driving while intoxicated (D.W.I.), because he was financially unable to employ counsel to represent him on appeal and lodge a transcript of his trial within the time period required under Arkansas law.[3] His requests to proceed *in forma pauperis* were denied by the Lee County Circuit Court and the Arkansas Supreme Court despite his financial

Ron Heller, Hollingsworth & Heller, Little Rock, Ark., for petitioner.

**1.** Unpublished Order denying Petitioner leave to proceed *in forma pauperis.* Vol. II, p. 150, State Court Transcript.

**2.** Unpublished Arkansas Supreme Court Order denying leave to proceed *in forma pauperis.* Vol. II, p. 152, State Court Transcript.

**3.** *Perry v. State of Arkansas,* 287 Ark. 384, 699 S.W.2d 739 (1985). Arkansas Rule of Appellate Procedure 5(b) provides that an appellant may not file a copy of his trial transcript later than 7 months from the date that judgment is entered.

inability. Therefore, the writ of habeas corpus should issue.

## FACTS

Petitioner lives five miles northwest of Marianna, Arkansas (Lee County) in a house consisting of about 600 square feet on one acre of land.[4] He has a 1962 Chevrolet Nova that was last licensed in 1982. He is unmarried, 35 years old, and has a bachelor's degree[5] in vocational arts, but is not certified to teach in the public school system. Petitioner's last full-time employment was in 1981.[6] Since that time, he has looked for work, but has only received odd jobs and short-term employment.[7] Petitioner earned approximately $1,100.00 during the summer of 1983, and again in 1984, by growing peas and okra for sale. He had no income during the winter months of those years. Petitioner has no money in the bank.[8] He obtains food by receiving food stamps. Petitioner was unemployed and without funds at the time of his trial and subsequent court proceedings. He received $63.00 in May, 1985 to conduct a survey for a local non-profit organization. Petitioner used these funds to pay his light bill.[9] The unemployment rate in Lee County, Arkansas is 20 percent. Petitioner is still unemployed.

On March 5, 1985, Petitioner was found guilty, by a jury, of driving while intoxicated, in the Circuit Court of Lee County. He was represented by counsel prior to and during his trial.[10] The jury sentenced Petitioner to 15 days in the city jail and assessed a fine of $150.00. On March 25, 1985, Petitioner's attorney wrote him a letter[11] stating that it was agreed that he (Petitioner's attorney) had "withdrawn as your Attorney of Record and I no longer represent you...."[12] No leave of court for such a withdrawal was sought or granted.[13] Petitioner avoided incarceration by renewing the $500.00 bond that he posted before his trial[14] and filed his own notice of appeal on April 3, 1985.[15]

On April 3, 1985, Petitioner also filed a petition to proceed *in forma pauperis* and an affidavit of indigency in the Lee County Circuit Court, and wrote a letter to the court reporter requesting a transcript of his trial.[16] Petitioner's motion was denied without hearing on April 19, 1985.[17] Petitioner moved to set aside the order[18] and a hearing was conducted on May 20, 1985.[19]

4. Petitioner's Hearing Ex. # 1 is an appraisal showing the value of Petitioner's property used as a residence to be valued at $450.00.

5. Petitioner is a graduate of Arkansas AM & N College, now the University of Arkansas at Pine Bluff.

6. In 1981, Petitioner was employed as the Director of the East Arkansas Produce Marketing Association, earning $1,000.00 per month.

7. The transcript of Petitioner State Court indigency hearing, Respondent's Ex. # F, indicates that Petitioner was less than diligent in seeking employment through the State Unemployment Office, relying more heavily on word-of-mouth information about available jobs. It also appears that Petitioner may have passed up opportunities for periodic work as a tractor driver for local farmers.

8. On May 20, 1985, when Petitioner's indigency hearing was conducted, he testified that he had $14.00 in a checking account.

9. Petitioner's home has fixtures for running water in his kitchen and toilet, but he is not connected for service to receive running water, and apparently has not been since at least May 20, 1985.

10. Mr. Don Glover, of Dermott, Arkansas.

11. Vol. II, Transcript, p. 145.

12. Petitioner pleaded in his habeas petition that Mr. Glover told him on the day of trial that he could not represent Petitioner on appeal.

13. Rule 36.26 of the *Arkansas Rules of Criminal Procedure* states:
   Trial counsel whether retained or appointed must continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw."

14. Vol. II, Transcript, p. 137.

15. Vol. II, Transcript, p. 138.

16. Vol. II, Transcript, p. 140–2.

17. The Honorable Henry Wilkinson, Lee County Circuit Judge. The judge who presided over Petitioner's March 5th trial was the Honorable Harvey Yates, Lee County Circuit Judge.

18. Vol. II, Transcript, p. 149.

19. A transcript of the May 20, 1985 indigency hearing was filed on November 26, 1986, in this Court and is made a part of the record herein, as Respondent's Ex. F.

At the hearing, Petitioner stated the following: (1) he was unemployed; (2) his only real estate was his homestead, consisting of a 600 square foot house on one acre of land, with water fixtures, but no running water; (3) he had no income; (4) he received food stamps to acquire food; (5) he has a four-year Bachelor of Science degree in vocational arts; (6) he has been unemployed since 1981; (7) he was Acting Director of the East Arkansas Produce Marketing Association for three years before becoming unemployed; (8) his attorney told him after the trial that he needed to proceed *in forma pauperis* and that he (the attorney) would no longer represent him; (9) he was unmarried and lived alone; (10) he borrows money or does odd jobs to pay his light bills; (11) he has driven a tractor and worked on a farm in the past, but had not done so in 1985; (12) he had talked to people who said they possibly could use him for labor later on, but told him nothing was available immediately; (13) he paid his April, 1985 light bill by conducting a 2–day survey for a local organization for $63.00; (14) he did not know how he would pay his May, 1985 light bill for $20.00; (15) he had $14.00 in an account at Planters & Merchants Bank in Forrest City, Arkansas; (16) he had no other bank accounts and $2.00 in cash; (17) he had no cash at home and no one was holding any cash for him; (18) he was 33 years old and in good health; (19) he was registered at the unemployment office, but had not been there recently; (20) he had never received a job through the unemployment office; (21) he believed that the unemployment office in Marianna was a temporary one; (22) he had registered with the unemployment office and to his knowledge was still registered; (23) he was not living the type of life that he wants to live; (24) he actively seeks jobs when jobs are available; (25) the last job that he had in which he had confidence was working the agriculture co-ops; (26) he had talked to neighbors and people that hire tractor drivers about work; (27) he did not go to the unemployment office to inquire about work driving a tractor; (28) he has worked for the Cooperative and in vegetable production in the past, and earlier, while still in school, had received experience as "order pulling" in a warehouse; (29) he did not know whether the Douglas & Lomason factory was hiring; (30) he had not recently tried to get a job at Sanyo in Forrest City; (31) he has put his name on file at the Arkansas Employment Security Division in Forrest City, but never received notice of a job as a result (the only jobs he has gotten were through his own initiative). The unemployment office always told him that they didn't have any jobs available.; (32) he might have current job applications pending, but had not filled one out in months; (33) he was not sure whether he had filled out an application for employment since the first of the year; (34) he was not sure of where he might have filed an application if he had in fact done so since the first of the year (He would go to places and ask if they were hiring, if they told him to fill out an application, he would do so. They usually told him they were not hiring.); and finally, (35) he wanted a lawyer to represent him on appeal and that he could not afford attorney fees.

Johnny McClendon, the Lee County Tax Assessor, also testified at Petitioner's state court indigency hearing. Mr. McClendon brought the records in his custody concerning Petitioner's property ownership to Court. Mr. McClendon said that Petitioner owned one acre of land that he had valued at $750.00. He said that two old houses were on the land but were too run down to give any value. Mr. McClendon said the houses were moved from the tenant section of an old plantation to Petitioner's property and were not livable.

At the close of the indigency hearing, Judge Wilkinson announced his ruling from the-bench:

> ... the Court does not find you to be indigent. I realize that you don't have a great deal of money or property; however, the Court is of the strong opinion

that is because you choose that. You do not seem to be actively seeking employment. You are not trying to make yourself available on the employment market ...[20]

On May 31, 1985, Judge Wilkinson issued an Order denying Petitioner's request to prosecute his appeal as an indigent and receive a transcript of his trial without cost. Judge Wilkinson's Order stated:

... The Court finds that Joseph Perry is able-bodied, of sound health, and has a high school education and a college degree; that the defendant, Joseph Perry, is not seeking nor has he sought employment in the recent past; that if Joseph Perry is indigent, it is because he has voluntarily elected to be indigent ...[21]

On July 2, 1985, the 89th day after Petitioner had filed his notice of appeal, Petitioner filed a motion in the Lee County Circuit Court for an extension of time in which to acquire a transcript of his trial proceedings to file with the Arkansas Supreme Court in order to perfect his appeal.[22] Petitioner said that he needed additional time to file the record on appeal because the court reporter required $400.00 to prepare his trial transcript.[23] Petitioner asked the Circuit Court for an additional 90 days to "come up with the $400.00" because he was indigent. Petitioner also, on July 2, 1985, filed a motion in the Arkansas Supreme Court seeking *in forma pauperis* status [24] along with a partial transcript of his state trial court proceedings relating to the indigency issue.[25] On July 15, 1985, the Arkansas Supreme Court issued a Letter Order denying Petitioner's *pro se* petition to proceed *in forma pauperis*, with two Justices voting to grant pauper status and three Justices not participating.[26] On August 1, 1985, Petitioner filed a motion for reconsideration by the Arkansas Supreme Court, together with exhibits documenting Petitioner's assets and qualification to receive food stamps.[27] The Arkansas Supreme Court denied Petitioner's motion on September 16, 1985, characterizing it as a motion for a Rule on the Clerk.[28]

After the Arkansas Supreme Court's denial of Petitioner's motion to proceed *in forma pauperis*, Petitioner wrote Lee County Circuit Judge Harvey Yates a letter on September 25th [29] informing him of the Supreme Court's decision and asking him to sign an order extending Petitioner's time for perfecting his appeal until October 8, 1985, the maximum extension possible [30] under the *Arkansas Rules of Appellate Procedure*.[31] Petitioner also paid the court reporter $180.00 and ordered the transcript on September 25, 1985. Judge Yates issued the Order extending Petitioner's time to file the record until October 8, 1985, on September 26, 1985.[32] On October 3, 1985, Petitioner obtained an Order from Judge Wilkinson extending Petitioner's time to file the record with the Arkansas Supreme Court until November 1, 1985, on the ground that the October 8th deadline was

---

**20.** Respondent's Ex. F, p. 22.

**21.** Vol. II, Transcript, p. 150.

**22.** Rule 5(a) of the *Arkansas Rules of Appellate Procedure* provides that the record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the notice of appeal, unless the time is extended by order of the trial court.

**23.** Vol. II, Transcript, p. 151.

**24.** Petitioner's Ex. # 10, attached to his habeas corpus petition filed in this Court.

**25.** See Vol. I, Transcript

**26.** Vol. II, Transcript, p. 152.

**27.** Vol. II, Transcript, p. 153.

**28.** See Petitioner's Ex. # 16 and # 17, attached to his habeas corpus petition.

**29.** Petitioner's pleading Ex. # 17.

**30.** Rule 5(b) provides that: "In no event shall the time (for filing the record) be extended more than seven (7) months from the date of entry of judgment".

**31.** Petitioner's judgment of conviction was filed in the Lee County Circuit Clerk's Office on March 8, 1985.

**32.** Petitioner's Hearing Ex. # 2.

impossible or impracticable for Petitioner to meet.[33]

Petitioner tendered the transcript to the Arkansas Supreme Court on October 28, 1985. It was refused by the Supreme Court Clerk as untimely. Petitioner's motion for a Rule on the Clerk directing her to accept the record on the ground that he relied on a judge's order was denied in a published opinion issued on November 25, 1985. *Perry v. State*, 287 Ark. 384, 699 S.W.2d 739 (1985). On January 30, 1986, Petitioner filed a petition in this Court seeking habeas relief pursuant to 28 U.S.C. § 2254.

Petitioner challenges the constitutionality of his state court conviction and sentence for D.W.I. on the following grounds:

(1) Petitioner's trial counsel was ineffective in not representing Petitioner during his attempt to perfect and prosecute his appeal;

(2) The Arkansas Supreme Court denied Petitioner his right to appeal by not recognizing the order granting Petitioner until November 1, 1985 to file his appeal transcript;

(3) Petitioner was denied equal protection by the Arkansas Supreme Court's refusal to docket his appeal;

(4) Petitioner was denied due process by the Arkansas Supreme Court's refusal to follow their own rules concerning his indigency and the Court's holding Petitioner responsible for the mistakes of others.

Counsel was appointed to represent Petitioner. The parties were directed to file pre-hearing briefs on the issues raised in the pleadings. A hearing was conducted on March 16, 1987 before U.S. Magistrate John F. Forster, Jr. The relevant testimony adduced at the hearing is incorporated in the preceding recitation of the facts.[34]

The Court finds, as a fact, that Petitioner was financially unable to employ counsel and pay for a transcript to pursue his appeal. The Court holds, as a matter of law, that a criminal defendant who, in fact, is financially unable to pay for his defense or the cost of an appeal is "indigent" and therefore constitutionally entitled to proceed *in forma pauperis*.

Because of the Court's resolution of the indigency issue, the remaining issues need not be reached.

## ANALYSIS

██ A threshold issue is whether, under 28 U.S.C. § 2254(d), a federal habeas court is bound by the state court's resolution of the indigency issue. This Court holds that it is not. Section (d)(5) of 28 U.S.C. § 2254 specifically provides that there is no presumption of correctness regarding a state court factual determination where it appears that the habeas applicant is an indigent and was denied appointment of counsel. The Petitioner in this case was denied both counsel [35] and a free transcript for his appeal because of the state court's determination of the indigency issue. If

---

**33.** Petitioner's Hearing Ex. # 3.

**34.** One additional fact brought out at the hearing was the amount that Mr. Glover charged in fees. Petitioner stated that Glover's fee for the trial was $250.00 and that it was paid in installments. Petitioner implied that the fees for an appeal would be an equal or greater amount.

**35.** The Court rejects Respondent's argument that Petitioner waived his right to counsel by attempting to pursue his appeal *pro se,* following his lawyer's notice that he would not provide continued representation on appeal due to Petitioner's inability to pay. See *Arkansas Rules of Criminal Procedure* 36.26. See also *Philyaw v. Arkansas,* 704 S.W.2d 608, 612 (1986) (acquiescence by a criminal defendant in his retained attorney's refusal to go forward due to the de-

fendant's lack of funds does not constitute a waiver of the right to counsel, citing *United States v. White,* 529 F.2d 1390 (8th Cir.1976)). It is inherent in this Court's holding that Petitioner was also denied effective assistance of counsel by his attorney's failure to provide Petitioner with further representation following his March 5, 1985 conviction, in violation of Rule 36.26 of the Arkansas Rules of Criminal Procedure and DR 2–110 of the ABA Code of Professional Responsibility. See Rule 2, Rules Regulating Conduct of Attorneys, Vol. 3A, *Ark.Stat. Ann.* (1985 Supp.). It is fundamental that a criminal defendant has a right to counsel if he is subject to being jailed for his alleged offense. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Cf. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner was indeed indigent, he had a constitutional right to appointment of counsel and a free transcript on appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Moreover, the question of whether a person is indigent is at least a mixed question of fact and law that falls outside the scope of 28 U.S.C. § 2254(d). Cf. *Moore v. Wyrick*, 766 F.2d 1253 (8th Cir.1985) (even where the proper standard of review is the "fairly supported by the record" test of 28 U.S.C. § 2254(d)(8), a federal court is not bound by a state court's application of federal constitutional principles to those facts). See also *Hawkman v. Parratt*, 661 F.2d 1161, 1167 (8th Cir.1981) (federal court may review the same facts and reach a different legal conclusion). Therefore, this issue is properly before the Court.

The cases cited by Respondent for the proposition that Petitioner's income potential is a relevant factor to consider in determining whether to provide counsel and a transcript to a criminal defendant on appeal are civil cases, and therefore, unpersuasive.

██ The "able-bodied and educated" test used by the Lee County Circuit Court and the Arkansas Supreme Court to deny Petitioner the right to pursue his appeal as an indigent ignores the constitutional mandates set forth in *Griffin*, supra, and *Douglas*, supra.[36] The correct standard for granting or denying permission to proceed as a pauper in a criminal case is the defendant's present ability to pay. *Wade v. Lockhart*, 763 F.2d 999 (8th Cir.1985). The subjective analysis engaged by the Arkansas state courts is unconstitutional. See "Indigency: What Test?" 33 *Ark.L. Rev.* 544 (1979).

Four objective factors to consider in determining indigency are set forth by W.

LaFave and J. Israel, 2 *Criminal Procedure*, § 11.2(e) (1984). They are: (1) the defendant's income and assets; (2) the number of defendant's dependents; (3) the defendant's total indebtedness; and (4) the likely fee of retained counsel. This Court adopts the test set forth by LaFave and Israel for appointment of counsel and adds a fifth element, (5) the cost of the transcript, in cases involving an appeal. The defendant may be required to liquidate certain assets, but should not be asked to give up his inexpensive car, *Thiel v. Southern Pacific*, 159 F.2d 61 (9th Cir.1946), or his home. The defendant may not be required to substitute one constitutional right for another. *United States, ex rel Reis v. Leppig*, 256 F.Supp. 881 (S.D.Fla.1966) (writ issued where transcript was denied on appeal because the defendant was able to post bond). Financial ability of family and friends is irrelevant in the case of an adult. LaFave and Israel, 2 *Criminal Procedure*, § 11.2. See also *Annot.*, 51 *A.L.R.*3d 1114, n. 72 and *Annot.*, 66 *A.L.R.*3d 954. The foregoing suggest that future earnings or income potential is only properly addressed in the context of a recoupment program through which the government may be repaid for its assistance to the accused at a later date.

## CONCLUSION

Applying the objective standards set forth above, the Court finds that Petitioner was indigent at the time of his attempted appeal in 1985. As such, he had a right to counsel and a transcript on appeal under the Due Process and Equal Protection Clauses of the United States Constitution. He was denied these rights by the state court's subjective resolution of his indigency. As a result, he was effectively denied his appeal.[37]

██ The appropriate remedy, when the right to counsel on appeal or the right to an

---

**36.** See *Toomer v. Arkansas*, 263 Ark. 595, 566 S.W.2d 393 (1978). See also the dissenting opinion in *Toomer*, Id. 566 S.W.2d at p. 395, by Associate Justice George Howard, Jr., now United States District Judge for the Eastern and Western Districts of Arkansas, and the presiding Judge in this case (subjective test to determine indigency is unconstitutional). "If ablebodied-

ness is a factor to be considered in determining whether one pursues an appeal *in forma pauperis*, very few, indeed, would meet the test." *Id.* 566 S.W.2d at p. 396.

**37.** Had Petitioner's request to proceed *in forma pauperis* been granted in the first instance by the trial court or later by the Arkansas Supreme

appeal itself is denied, is to order the State to provide an appeal, and counsel if appropriate. Failure by the State to do so should result in the release of the habeas petitioner. *Bosler v. Swenson,* 363 F.2d 154 (8th Cir.1966), aff'd *Swenson v. Bosler,* 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1966). See also *Reynolds v. Lockhart,* 635 F.Supp. 731 (E.D.Ark.1986); *Reynolds v. Lockhart,* 497 F.2d 314 (8th Cir.1974); and *Williams v. U.S.,* 416 F.2d 1064 (8th Cir. 1969).

Therefore the Magistrate recommends that the writ of habeas corpus should issue, ordering the Respondent to grant Petitioner an *in forma pauperis* appeal within sixty (60) days or vacate the conviction and set him free.

Court, he undoubtedly would have been able to lodge the record of his criminal trial with the appellate court within the timeframe required by the Arkansas Rules of Appellate Procedure (7 months). The Court notes, additionally, that the Arkansas Supreme Court may, when it chooses, extend the time for perfecting an appeal beyond the seven (7) month deadline set forth in its Appellate Rules. See the companion case of *Wilson v. State of Arkansas,* 620 S.W.2d 936 (1981) and *Moore v. State,* 609 S.W.2d 894 (1980). Cf. *Perry v. State of Arkansas,* 699 S.W.2d 739 (1985). If the Arkansas Supreme Court had afforded Petitioner the same consideration given to the appellant in *Wilson,* supra, concerning the opportunity for a belated appeal, it is unlikely that the issues in the instant petition would be before this Court.