James C. POOLE *v.* Arlene POOLE

RC 89-2                                        768 S.W.2d 544

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Knauts & Cole*, by: *C.W. Knauts*, for appellant.

No response.

PER CURIAM. We denied the appellant's motion for a rule on the clerk on February 27, 1989. His petition for rehearing is also denied. The trial court denied his postjudgment motion for a new trial on May 24, 1988. His Notice of Appeal was filed on June 3, 1988. The trial court erred in granting seven (7) months from the Notice of Appeal in which to lodge the record.

The appellant relies on *Pentron Corp. v. Delta Steel & Const. Co.*, 286 Ark. 91, 689 S.W.2d 539 (1985). In *Pentron* we stated: "The confusion that has arisen is attributable to the wording of the next to the last sentence in Rule 5(b). On the date of this opinion we are also amending that troublesome sentence, effective today, [May 20, 1985]." On that date we issued a per curiam stating that next to the last sentence of Rule 5(b) was amended to read as follows:

> In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment, decree or order, or from the date on which a timely post-judgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later.

The next to the last sentence of Rule 5(b) formerly read:

> In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment, decree or order.

Neither version of the rule ever provided that the seven (7) months run from the date of entry of the Notice of Appeal.

HOLT, C.J., HAYS and GLAZE, JJ., dissent.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I have come to the conclusion that it is hazardous for a lawyer to file any motion for post-judgment relief. He will enter a maze of our rules and our decisions which qualifies for the legal "Serbonian Bog" award

(which, no doubt, Justice Cardozo intended to establish by his dissent in the case of *Landress* v. *Phoenix Mutual Life Ins. Co.*, 291 U.S. 491 [1934]).

Tom Glaze, Justice, dissenting. The appellant's failure to file a timely transcript in this matter is due to confusion that resulted from language this court used in *Pentron Corp.* v. *Delta Steel & Constr. Co.*, 286 Ark. 91, 689 S.W.2d 539 (1985). For that reason, I would grant appellant's request to lodge his transcript.

Appellant appeals from a judgment which was entered on April 18, 1988. After the trial court, on May 24, 1988, denied his motion for a new trial, appellant filed a timely notice of appeal on June 3, 1988. The trial court granted the appellant a full seven months extension from the date of the notice of appeal—or until January 3, 1989—to lodge his transcript. Although appellant tendered the transcript prior to January 3, 1989, the supreme court clerk refused to file the transcript because appellant failed to meet the time constraints set out in Ark. R. App. P. 5. In relevant part, Rule 5(b) provides as follows:

> In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment, decree or order, or from the date on which a timely postjudgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later.

In calculating and using the seven month extension from either the date of judgment (April 18, 1988) or the date when appellant's motion for new trial was denied (May 24, 1988), it is conceded appellant was late. He was timely only if his seven month extension commenced from the date he filed his notice of appeal.

Prior to the *Pentron* case, Rule 5(b) provided that in no event shall the time be extended more than seven months from the date of entry of the judgment, decree or order. In *Pentron*, we cited *Sherrell* v. *Byram*, 260 Ark. 908, 545 S.W.2d 603 (1977), where we held the seven months must be calculated from the date of the order denying the motion for new trial. We said in *Pentron* that the rule in *Sherrell* was the better rule but also added the following:

". . . [A] final disposition of the case in the trial court is reached before the notice of appeal must be filed under Rule 4. Rule 5 must then be observed in the preparation of the record and its filing with the clerk of the appellate court. *That process should logically date from the notice of appeal, not from the entry of a judgment* perhaps some months earlier. Even more important, until a motion for a new trial is acted upon, it cannot be known which party will be the appellant, for by Rule 2(a)(3) an order either granting or denying a new trial is appealable. (Emphasis added.)

Following the foregoing language, we concluded that the next to the last sentence in Rule 5(b)—the sentence providing an extension from the date of judgment—caused confusion; we then proceeded to amend that sentence the same date *Pentron* was decided. In doing so, the court made no reference to the date when the notice of appeal was filed but instead provided the seven months was to be extended from the date of the entry of the judgment, decree or order or from the date on which a timely postjudgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later.

Although the amendment made to Rule 5(b) is clear that the extension time is to begin when the judgment is filed or when a postjudgment motion is denied, I believe our language in *Pentron* was misleading where we noted that the process should logically date from the notice of appeal. The appellant should not be penalized because the court was not as clear as it should have been. The appellant tendered the transcript within seven months from his notice of appeal, and I would allow him to lodge it.

HOLT, C.J., and HAYS, J., join this dissent.