Clarence HILL *v.* STATE of Arkansas

CR 90-192                                    802 S.W.2d 144

Supreme Court of Arkansas
Opinion delivered January 22, 1991

*Appellant*, pro se.

*Mary B. Stallcup*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Clarence Jerome Hill was convicted in the Circuit Court of Jackson County on March 27, 1990, of possession of cocaine, possession of marijuana, possession of drug paraphernalia, and the offense of felon in possession of a firearm. He was sentenced to four terms of six years imprisonment. The terms for marijuana possession, possession of drug paraphernalia and felon in possession of a firearm were ordered served concurrently with each other but consecutively to the term imposed for cocaine possession. Appellant's retained attorney B. Richard Allen, who had represented him at trial, filed a timely notice of appeal in April. In July, appellant filed a *pro se* motion supported by affidavit seeking to be declared indigent and requesting appointment of counsel. The trial court denied the motion, and appellant brings this appeal. B. Richard Allen has

also filed a motion in this court seeking to be relieved as attorney-of-record for the appellant. On November 12, 1990, this court issued a writ of certiorari to bring up the record of the hearing held in the trial court on the question of whether appellant was indigent for the purposes of appeal. The record of the hearing is now before us.

The trial court appointed an attorney to represent the appellant at the indigency hearing. After taking testimony from the appellant, the court declared that appellant was not entitled to proceed as an indigent, noting that he had an interest in real property, a monthly income from Social Security, had made bond, and had made no effort to raise money for the appeal. On appeal, the standard of review is whether the trial court abused its discretion in finding that petitioner was not indigent. *Toomer* v. *State*, 263 Ark. 595, 566 S.W.2d 393 (1978).

In *Griffin* v. *Illinois*, 351 U.S. 12 (1956), the United States Supreme Court established that an indigent defendant appealing a criminal conviction must be provided a transcript or other record of the lower court proceedings against him when such a record is necessary for an "adequate appellate review." The court stopped short of specifying minimum standards for indigency or setting forth guidelines to aid in the determination of indigency. This court has considered indigency on a case-by-case basis, as have most other jurisdictions. Most appellate courts have held that a person need not be destitute to qualify as an indigent. *See Adkins* v. *Du Pont Co.*, 335 U.S. 331 (1948); *see also Temple* v. *Ellerthorpe*, 586 F. Supp. 848 (D.R.I. 1984). The burden of establishing indigency is on the defendant claiming indigent status, and the defendant who seeks indigent status is responsible for verifying the motion to proceed as a pauper with a supporting affidavit as set out in our Rule 28. While there is no bright-line test for indigency, which is a mixed question of fact and law, some of the factors to be considered are: (1) income from employment and governmental programs such as social security and unemployment benefits; (2) money on deposit; (3) ownership of real and personal property; (4) total indebtedness and expense; (5) the number of persons dependent on the appellant for support; (6) the cost of the transcript on appeal; and (7) the likely fee of retained counsel for the appeal. *See* W. LaFave and J. Israel, *2 Criminal Procedure* § 11.2(e) (1984). This court has also considered

whether the able-bodied appellant who is educated and capable of working has made any attempt to find employment while free on bond. *Toomer*, 263 Ark. 595, 566 S.W.2d 393. Ablebodiness and the level of education, however, must not be given undue weight since the ability to obtain employment after conviction may be limited. *See March* v. *Municipal Court*, 102 Cal. Rptr. 597, 498 P.2d 437 (1972). Some weight may be given to whether appellant himself paid the cost of an appeal bond, but the state cannot force an appellant to choose between posting bond and being able to obtain counsel and pay the cost of an appeal. *See People* v. *Eggers*, 27 Ill. 2d 85, 188 N.E.2d 30 (1963). The ability of bystanders such as friends and family members to post bond or assist with expenses is not a factor in determining the appellant's indigency since indigency of the appellant does not depend on the financial position of his family and friends. Bystanders have no obligation to the state. *Fullan* v. *Commissioner of Corr. of State of N. Y.*, 891 F.2d 1007 (2d Cir. 1989); *State* v. *Borgenstein*, 147 N.J. Super. 234, 371 A.2d 96 (1977). An exception could be made, however, where the appellant has control or complete discretionary use of funds raised by others.

Applying the factors for determining indigency to the evidence adduced in appellant's indigency hearing, we note the record reflects the following: (1) had tax-free income of $522.00 a month from social security; (2) he had a half-interest in real property presently valued between $5,000 and $7,500 where he currently was residing rent-free and that the real property had been appraised in 1987 at $19,000 but had sustained damage since that time; (3) the money for the appeal bond was paid by a relative; (4) the cost of that portion of the transcript designated for appeal was $153.00, and B. Richard Allen informed the appellant that he would not lodge the record on appeal until he had been paid every penny owed to him, which was approximately $6,750.00. That amount included money owed Allen for representation at prior hearings and trials and on appeal. Counsel stated that his fee for the appeal was $2,000.00. There was no mention made of money on deposit, debts or persons dependent on appellant for support, but the affidavit filed in July 1990 pursuant to Rule 28 with the motion to proceed as an indigent indicated that appellant had $20.42 in a bank account and a daughter who received social security benefits. Appellant left blank the answer

to the question of when and where he had last been employed and his most recent wages.

We find it necessary to remand this matter to the trial court again for a second evidentiary hearing and findings of fact. Testimony should be taken to reflect appellant's last place of employment and his wages, his total indebtedness and living expenses, the support he provides for his daughter, the nature of his disability on which the security benefits are based, the amount appellant has deposited in accounts, whether the entire appeal bond was paid by someone other than the appellant, and the exact amount owed to counsel for the trial on appeal of this case only. The record of the hearing shall accompany the trial court's findings when they are filed with this court.

Remanded.

HAYS and NEWBERN, JJ., would affirm;

BROWN, J., would reverse.