Clarence HILL *v.* STATE of Arkansas

CR 90-192                                    805 S.W.2d 651

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Clarence Hill*, Pro Se.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Clarence Jerome Hill was convicted in the Circuit Court of Jackson County on March 27, 1990, of possession of cocaine, possession of marijuana, possession of drug paraphernalia, and the offense of felon in possession of a firearm. He was sentenced to four terms of six years imprisonment. The terms for marijuana possession, possession of drug paraphernalia and felon in possession of a firearm were ordered served concurrently with each other but consecutively to the term imposed for cocaine possession. Appellant's retained attorney B. Richard Allen, who had represented him at trial, filed a timely notice of appeal in April. In July appellant filed a *pro se* motion, supported by affidavit, seeking to be declared indigent and requesting appointment of counsel. The trial court denied the motion, and appellant appealed the order to this court. On November 12, 1990, this court issued a writ of certiorari to bring up the record of the hearing held in the trial court on the question of whether appellant was indigent. We subsequently remanded the case for a second evidentiary hearing because the first hearing did not cover all the factors which should be considered when assessing indigency. *Hill* v. *State*, 304 Ark. 348, 802 S.W.2d 144 (1991). The record of the second hearing is now before us.

As we said when we remanded this matter, the burden of establishing indigency is on the defendant claiming indigent status. In considering whether an appellant is indigent, which is a mixed question of fact and law, some of the factors to be considered are the following: (1) income from employment and governmental programs such as social security and unemployment benefits; (2) money on deposit; (3) ownership of real and personal property; (4) total indebtedness and expense; (5) the number of persons dependent on the appellant for support; (6) the cost of the transcript on appeal; and (7) the likely fee of retained counsel for the appeal. *Hill*, 304 Ark. 348, 802 S.W.2d 144. Able-bodiedness and the level of education of the appellant are also given some consideration as is whether the appellant himself paid the cost of the appeal bond or has control or complete discretionary use of funds raised by others for his defense.

Applying the factors for determining indigency to the

evidence adduced at the two hearings held on appellant's indigency, the record reflects that: (1) appellant was last employed at a wage of $3.35 per hour in 1987 as a janitorial assistant as part of a work-release program; the employment ended when appellant completed the five-hundred hours he had been assigned to serve in the program; (2) the $552.00 per month the appellant customarily receives from Social Security was recently reduced to $485.00 per month so that the Social Security Administration could recover benefits paid appellant while he was incarcerated; (3) funds on deposit amounted to $13.03 in a checking account; (4) appellant owns a half interest in real property, which is in disrepair, appraised in 1985 at $19,500; (5) appellant's total indebtedness is $24,712.87, which includes $9,520 for student loans and approximately $8,000 for legal fees and fines; (6) appellant has one daughter, aged nine, for whom he is in arrears $2,750.00 for child support; he is not currently paying child support; (7) the cost of the transcript on appeal is $153.00; (8) the attorney's fee for the appeal was set by counsel at $2,500; (9) appellant was declared disabled in 1988 because of arthritis and obesity (the person or entity which made the determination of disability was not designated); and (10) when the original appeal bond was set, most of the money was provided by relatives and friends with appellant paying $500.00 himself; the second bond was provided entirely by others. Based on these findings, the trial court concluded at the close of the hearing that appellant was not indigent for the purposes of the appeal of his criminal convictions. After a review of the record of the two hearings held on the question of whether the appellant is indigent, we find cause to reverse the trial court's determination.

■ While appellant is not in abject poverty, a defendant need not be destitute to quality as an indigent. *Hill*, 304 Ark. 348, 802 S.W.2d 144. Appellant's liabilities far exceed his assets to a degree that it would be unreasonable to assume that he could pay the cost of the appeal and still meet other living expenses. For the purposes of the appeal to this court only, appellant is declared indigent. In his motion to withdraw as counsel, B. Richard Allen states that the partial record designated on appeal has been prepared by the court reporter. A writ of certiorari shall issue this day to bring up the record for lodging within thirty days.

■ Returning to retained counsel's motion to withdraw, we

find good cause to relieve counsel and grant counsel's *pro se* motion for appointment of counsel. Counsel notes that appellant has filed a complaint against him with the Committee on Professional Conduct which is pending. While the filing of a complaint does not in itself warrant relieving an attorney of his obligation to represent a convicted defendant on appeal, there appears to be a history of considerable rancor between counsel and appellant such that it is in the best interest of justice to permit counsel to withdraw. Elizabeth Huggins is appointed to represent appellant.

Reversed; writ of certiorari issued; motion for appointment of counsel granted.