

Cite as 2016 Ark. 128

# SUPREME COURT OF ARKANSAS

No. CR-16-134

| | | |
|---|---|---|
| FRANK P. CAMPBELL<br><br>APPELLANT | | **Opinion Delivered** March 17, 2016 |
| V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | | <u>MOTION TO DECLARE DEFENDANT INDIGENT AND TO ORDER THE CIRCUIT CLERK AND COURT REPORTER TO PREPARE THE RECORD</u>.<br><br><u>REMANDED WITH INSTRUCTIONS</u>. |

**PER CURIAM**

Appellant Frank P. Campbell's private counsel, Toni Pirani, has filed a motion to declare Campbell indigent and to order the circuit court and court reporter to prepare the record. Because we believe there are outstanding factual issues to be resolved, we remand the motion with instructions.

Campbell retained Chris Flanagin as private counsel for trial. After a jury trial, Campbell was convicted of two counts of second-degree sexual assault and one count of sexual indecency with a child and was sentenced to 360 months' imprisonment in the Arkansas Department of Correction. Following his conviction, Campbell retained Pirani as private counsel for his appeal because Campbell's wife retained Flanagin to represent her in a pending divorce. Pirani then filed a notice of entry of appearance, a notice of appeal, and

SLIP OPINION

a petition to obtain the record as a pauper with an unnotarized affidavit of indigency. The circuit court held a hearing at which Campbell testified that he was not employed, had no funds to pay for a transcript, had a house that was in foreclosure, and possessed no other significant assets. His sister testified that she and other family members had made a down payment of one-third of the attorney's fee for Campbell's appeal. Subsequently, the circuit court entered an order denying Campbell's petition to obtain the record as a pauper and found that since "[Campbell], or members of his family" had raised funds to retain private counsel, Campbell "must also be responsible for the cost of obtaining the transcript."

An indigent defendant appealing a criminal conviction must be provided a transcript when the record is necessary for appellate review. *Griffin v. Illinois*, 351 U.S. 12 (1956); *Hill v. State*, 304 Ark. 348, 802 S.W.2d 144 (1991) (per curiam). An appellant's indigency does not depend on the financial position of his or her family members and friends. *Hill*, 304 Ark. at 351, 802 S.W.2d at 145. Bystanders have no obligation to the State. *Id.*, 802 S.W.2d at 145. Appellate courts have remanded to the circuit court to determine the defendant's source of funds. *See Brewer v. State*, 64 Ark. App. 372, 984 S.W.3d 65 (1998) (per curiam).

We conclude that it is necessary to remand the matter to the circuit court for findings of fact on Campbell's financial status without consideration of monetary contributions from his family and friends. These proceedings and findings shall be conducted and rendered within forty-five days, after which the circuit court shall refer the motion and its findings to this court for final disposition.

Remanded with instructions.